# STATE OF MARYLAND *v.* ROBERT LOUIS FARINHOLT

[No. 254, September Term, 1982.]

*Decided April 6, 1983.*

The cause was submitted on briefs to WILNER, GARRITY and ADKINS, JJ.

Submitted by *Stephen H. Sachs, Attorney General, Stephanie J. Lane, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *R. William Hale, Assistant State's Attorney for Prince George's County,* for appellant.

Submitted by *Alan H. Murrell, Public Defender,* and *Gary W. Christopher, Assistant Public Defender,* for appellee.

GARRITY, J., delivered the opinion of the Court.

On January 8, 1982, the Circuit Court for Prince George's County granted a motion dismissing criminal charges against Robert Louis Farinholt, the appellee, because the State had failed to provide appellee with a trial within 180 days as required by Md. Rule 746. Pursuant to Md. Cts. & Jud. Proc. Code Ann. § 12-302 (c), the State has appealed the dismissal.

The record shows that on April 1, 1981, two Montgomery County police officers observed the appellee in the company of Paul Edward Hammond. For reasons not disclosed in the record, the policemen followed the appellee and Hammond as they drove to a shopping center located in Prince George's County. The policemen continued their surveillance as the two men entered a fast food restaurant and, at gun point, robbed Kenneth R. Warne. When the two robbers tried to flee, they were arrested by the police. Subsequent to his arrest, the appellee was held in the Prince George's County Detention Center.

On April 29, 1981, the State's Attorney for Prince George's County filed a sixteen-count indictment against the appellee and Mr. Hammond charging them with armed robbery and other related offenses. On May 6, 1981,[1] the appellee was arraigned and on May 12, 1981, defense counsel entered his appearance. On that same day, appellee filed a request for a jury trial, a demand for discovery, a motion to suppress,

---

1. The record is unclear whether appellee's first appearance, pursuant to Md. Rule 723, was on May 5 or May 6, 1981. The parties have agreed it was May 6, 1981 and we shall adopt this date.

and a demand for a speedy trial.[2] The charges against the appellee and Mr. Hammond were severed for trial.

On May 20, 1981, a trial date for appellee's trial was set for August 10, 1981. Trial was not held on that date, however, but was postponed at the request of the State. Trial was reset for September 23, 1981. On that date, the appellee appeared in court before the Honorable Howard S. Chasanow and requested a postponement. He explained, through his defense counsel, that it was "absolutely essential" that he call his co-defendant, Mr. Hammond, as a witness. Defense counsel stated that Mr. Hammond had already been convicted for his participation in the robbery, but had not yet been sentenced. Counsel further explained that Mr. Hammond had agreed to testify on the appellee's behalf, but had refused to do so until he had been sentenced for his own conviction. Defense counsel informed the court that Mr. Hammond was scheduled to be sentenced in a couple of days and requested that appellee's trial be postponed until after Mr. Hammond was sentenced. In requesting the postponement, appellee's counsel stated that he knew that because other cases had already been scheduled for trial, it would be impossible to try the appellee as soon as Mr. Hammond became available. Recognizing the inevitable delay, counsel advised the court that the appellee was willing to waive trial within the 180-day period prescribed by Md. Rule 746a. He qualified this waiver by saying that the appellee was only waiving his Rule 746a trial right to the extent necessary for resetting the trial. In other words, the appellee was willing that the trial be reset for a date past the 180-day limit of Md. Rule 746a but he was not willing to forego his right to a prompt trial beyond the . time necessary for resetting the trial.

As a result of this request, the trial was postponed and reset for October 27, 1981, this time before the Honorable

---

2. Md. Rule 746a requires that trial be conducted no later than 180 days "after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723". See Miller v. State, 53 Md. App. 1, 452 A.2d 180 (1982). One hundred eighty days from May 6, 1981 was November 2, 1981.

James H. Taylor. At this hearing, the appellee requested another postponement. He explained that even though a writ of habeas corpus had been issued to the Department of Corrections in Baltimore [3] ordering it to produce Mr. Hammond at the trial, Mr. Hammond was not present. Judge Taylor decided that Mr. Hammond's absence provided "good cause" for a postponement and stated that "we'll take this case out of the assignment for today and would order that the State's Attorney and Mr. Marcus (defense counsel) get us a new trial date".

In addition to requesting the postponement, defense counsel also asked Judge Taylor to reduce the appellee's bail. He informed Judge Taylor that the appellee had been unable to post the bail because it was too high for him. Consequently, appellee had remained incarcerated since his April 1, 1981 arrest. In response to this request, Judge Taylor reduced the appellee's bail to an amount that the appellee was able to pay. The appellee posted the amount of the reduced bond bail and was released by the Prince George's County authorities.

On October 30, 1981, appellee's defense counsel was back in court before Judge Taylor. The reason for this appearance was that defense counsel and the State's Attorney had been unable to agree upon a new trial date. Defense counsel reiterated that when, at the September 23, 1981 hearing, he had said that the appellee was willing to waive his Rule 746a right, he had waived it only to the extent that was necessary to set a new trial date. Because that new trial date had been set for October 27, 1981, a date *within* the 180-day period from May 6, 1981, he asserted that the appellee's September 23, 1981 waiver of his right to a trial within the time guaranteed under Md. Rule 746a was now rescinded.

Judge Taylor did not agree with defense counsel's interpretation of the effect of the appellee's September 23, 1981 waiver. Rather, he reasoned that when the appellee

---

3. After his conviction, Mr. Hammond was transferred to the Maryland Penitentiary in Baltimore. The record does not disclose the date(s) of Mr. Hammond's trial or when he was transferred to Baltimore.

said he was willing to waive his Rule 746a right to a prompt trial, he excused the State for the delay between September 23, 1981 and the new trial date. Because the new trial was set for thirty-four days after September 23, 1981 (October 27, 1981), Judge Taylor concluded that the way to compute the 180-day requirement for Md. Rule 746 purposes was to count from the appellee's first appearance (May 6, 1981) to the 180th day (November 2, 1981), and then add thirty-four days to determine the date that the 180-day limit was to expire. Using this formula, Judge Taylor concluded that the State had until approximately December 9, 1981 to try the appellee. Based on this reasoning, Judge Taylor perceived no need to issue a formal ruling, but concluded the hearing by saying:

> I will just reserve on the motion for the setting of the new trial date until Wednesday (November 3, 1981).

The record does not indicate that Judge Taylor was requested to, or that he took any further action in the case. According to the docket, the assignment office, on November 4, 1981, set a new trial date of November 18, 1981. No objection either by the State or appellee was raised to the setting of this date. On November 13, 1981, however, the State filed a "Motion for Continuance" requesting a postponement of the November 18, 1981 date. The reason for the request was that the victim and most essential witness, Mr. Warne, was "on a prescheduled vacation" in Florida and was, therefore, unavailable for the November 18, 1981 trial date. The appellee objected to the requested postponement. Nevertheless, Judge Audrey Melbourne signed an order that very day continuing the case to an unspecified future date. No hearing was held on this request. On December 2, 1981, the assignment office scheduled the trial for January 8, 1982.

No further court appearance occurred until January 8, 1982 when the parties appeared before the Honorable Albert T. Blackwell, Jr. The appellee complained that his right to

a prompt trial under Md. Rule 746a had been violated and requested a dismissal of the charges. A hearing on the request was held, after which Judge Blackwell concluded that appellee's right to be tried within 180 days under Md. Rule 746a had been violated. As a consequence, he dismissed the charges and this appeal followed. The question that we must decide is whether appellee's trial was properly extended, thereby negating the 180-day limit of Md. Rule 746a. To answer this, we must determine how Md. Rule 746a is to be applied in this case.

Md. Code Ann. Art. 27, § 591, and Md. Rule 746a require that a trial of a criminal case in circuit court shall be set no later than 180 days after the appearance or waiver of counsel or after the appearance of the defendant pursuant to Rule 723, whichever shall first occur. The statute provides that "[t]he date established for the trial of the matter shall not be postponed except for good cause shown by the moving party . . .". Furthermore, the change in trial date may only be made by or with the approval of the administrative judge or his designee, *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982).

A defendant's right under Md. Rule 746a is not violated unless the trial is delayed more than 180 days from the earlier of the appearance of waiver of counsel or the appearance of the defendant pursuant to Md. Rule 723. As long as a trial is begun within the 180-day limit, any delay in its commencement is irrelevant for purposes of the rule.

The Court of Appeals has ruled that three conditions are required in order to secure a postponement *beyond* the 180-day limit. These conditions were explained by this Court in *Calhoun v. State,* 52 Md. App. 515, 451 A.2d 146 (1982), as being:

First: a party or the court *sua sponte* must request the postponement.

Second: good cause must be shown by the moving party.

Third: the County Administrative Judge, or a judge designated by him, must approve the extension of the trial date.

If these three conditions are met, the resulting postponement excuses the 180-day limit of Md. Rule 746a and authorizes the trial to be conducted after the 180-day period has expired. Unless a constitutional claim of denial of speedy trial is directed at a period of less than 180 days, it is a meaningless judicial exercise to attempt to determine who caused how much delay and why, and then balance the reasons for the delay. It is also incorrect to compute the period of delay attributable to the State and then deem the rule violated if the time chargeable to the State exceeds 180 days. Rather, the only requirement for a proper postponement beyond the 180 day limit is that the three conditions be satisfied. If a proper postponement is granted resulting in a trial date beyond the 180-day limit, a further question remains as to how a defendant's speedy-trial right is to be measured for the delay beyond the 180-day deadline.

The only reasonable approach for measuring the speedy trial right when a continuance has been properly granted beyond the 180-day limit, is to consider Md. Rule 746a as having no further applicability and then determine any speedy trial violation solely by the constitutional test established in *Barker v. Wingo*, 407 U.S. 514 (1972); *see Chance v. State*, 45 Md. App. 521, 414 A.2d 535 (1980).

It is apparent that Art. 27 § 591 and Md. Rule 746a were not enacted to supersede the federal constitutional right to a speedy trial. Rather, the purpose of these enactments was to afford a reasonably prompt trial by "eliminat[ing] excessive scheduling delays and unjustifiable postponements", *Briscoe v. State, supra* 48 Md. App. at 180. Rule 746a does not, as we observed above, purport to resolve all questions that might arise when a trial has been delayed. There are many situations where the rule is inapplicable. For example, the rule does not apply until the defendant arrives in the jurisdiction of a circuit court. The rule is inapplicable to delays occurring in the district court. *Scott v. State,* 49 Md. App. 70, 86, 430 A.2d 615, *cert. den.* 291 Md. 781, 292 Md. 13 (1981). Once the defendant has reached the circuit court, the 180-day limit only applies to the first trial

in that court. Trial is considered complete, for Rule 746 purposes, when a guilty plea is offered and accepted by the court. The imposition of sentence is unnecessary for there to be a conviction. *State v. Mines,* 48 Md. App. 30, 37, 425 A.2d 1044 (1981). Consequently, if a guilty plea is entered and accepted within the 180-day period, the rule is satisfied and of no further applicability even if the plea is later withdrawn and trial is ultimately held beyond the 180-day limit, *State v. Mines, supra.* Likewise, if a mistrial is declared, the period of delay permitted for a retrial is not governed by Rule 746, *Collins v. State,* 52 Md. App. 186, 447 A.2d 1272 (1982). If a conviction is reversed on appeal, the delay in retrial is not governed by Md. Rule 746, *Donalds v. State,* 49 Md. App. 106, 109, 430 A.2d 113 *aff'd* 291 Md. 276 (1981) and *Coleman v. State,* 49 Md. App. 210, 219, 431 A.2d 696 (1981).

Even where Rule 746 is applicable, the 180-day limit is not absolute, but may be excused for either of two reasons. The first reason why the 180-day limit may be excused, is where "the defendant either individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule 746". *State v. Hicks,* 285 Md. 310, 335, 403 A.2d 356 (1979) (on motion for reconsideration). In *Briscoe v. State, supra,* we confronted a situation where a defendant was deemed to have sought a postponement beyond the 180-day limit. In that case, the State and the defendant had filed various pre-trial motions. As time passed, events occurred causing a motion for removal to become moot. Rather than waiting for a ruling on the motion, the defendant agreed to abandon it and accept a guilty plea offer. An in-chambers conference was held within the 180-day period of Rule 746 to consider the status of the case. At the hearing, the defendant agreed to accept the guilty plea bargain. Accordingly, the case was continued and reset for a day when the guilty plea could be taken. The date set was beyond the 180-day limit. We ruled that because the defendant gained from the postponement the advantage of his desired guilty plea bargain, he was deemed to have consented to the delay and thereby waived his 746 rights. In *State v. Lattisaw,* 48 Md. App. 20, 425 A.2d

1051, *cert. den.* 290 Md. 717 (1981), we ruled that consent to a trial date beyond the 180-day limit was given where a defendant's attorney agreed to a trial date beyond the 180-day limit without realizing that the agreed-upon date was past the 180th day. Express waiver by the defendant is not required if the defense attorney agrees to the date.

The second reason why the 180-day limit may be excused is where the reason for the request qualifies as a "good cause". Although we have ruled that "the requirement of 'good cause' does not mean 'best cause'", *Calhoun v. State, supra,* 451 A.2d at 150, we have no definitive definition of the term "good cause" as it is to be applied to Md. Rule 746. A number of specific reasons have, however, qualified as "good cause". For example, the delay caused because of a defendant's incarceration in another state has been deemed to meet the "good cause" standard, *State v. Hicks, supra,* as has also the delay caused in removing a defendant from one Maryland county to another. *Briscoe v. State, supra,* 48 Md. App. at 182-183.[4] The unavailability of a witness has been held to be a "good cause" justifying a postponement under Rule 746, *Bolden v. State,* 44 Md. App. 643, 655, 410 A.2d 1085 (1980). Finally, a postponement has been deemed granted for "good cause" where the State cannot try a defendant on the scheduled trial date because the defendant's trial has been severed from that of his co-defendants, *Calhoun v. State, supra.*

From the above, it is clear that Md. Rule 746a has only limited application. It does not apply to all delayed trial situations. Accordingly, there is no reason why the rule must continue to apply after a trial is properly postponed beyond the 180-day limit. We have not, however, previously explained how to apply Rule 746 after a postponement has been granted under the authority of that rule. We now do so.

---

**4.** These cases held that the delay met the then required "extraordinary cause" test. Because "extraordinary cause" is more demanding than "good cause", any cause that qualifies as "extraordinary cause" would also qualify as "good cause".

When postponements are granted from one date within the 180-day period to another date also within the 180-day period, the *Hicks* sanction of dismissal under Rule 746a is inapplicable. The one seeking postponement must still comply with section b of the Rule and establish good cause for the postponement before the administrative judge or his designee. The dismissal sanction authorized by *Hicks* for a violation of Rule 746, however, applies only when a postponement causes a trial to be continued to a date beyond the 180-day limit without good cause.

In *Leonard v. State,* 46 Md. App. 631, 634 (1980) aff'd, 290 Md. 295 (1981), we held that if a defendant requests a postponement that causes a continuance beyond the 180-day limit, his request effects a waiver of the benefit of the rule. It follows, therefore, that when a trial is postponed beyond the 180-day limit in compliance with Md. Rule 746, section *a* of the rule is satisfied and of no further applicability.[5] When this occurs, the defendant's right to a speedy trial is controlled solely by the constitutional test set forth in *Barker v. Wingo, supra.* See *State v. Mines, supra,* 48 Md. App. at 41 and *Collins v. State, supra,* 52 Md. App. at 194-95.

We now turn to a consideration of the instant case. In order to decide whether appellee's Rule 746 rights were violated, we need only examine the postponement that caused appellee's trial to be continued beyond the 180-day limit. That postponement was the one granted on October 27, 1981; the other postponements were not subject to the sanction since the rule was not violated.

In order to determine whether the October 27, 1981 postponement comported with the requirements of Md. Rule 746, it must satisfy the three conditions for a proper Rule 746 postponement.

---

5. In granting a postponement to a date beyond 180 days, "the administrative judge (as well as the prosecutor) is administratively responsible for seeing that a continuance, even when justified in purpose, is not extended unnecessarily" for purposes of a Barker v. Wingo speedy trial analysis. Chance v. State, supra, 45 Md. App. at 526.

### Condition One—Request

There are no formalities required of the request. It may be offered either orally or in writing by the defendant or the State, or may be declared by the trial court, *sua sponte, Goins v. State, supra,* and *Calhoun v. State, supra.* Furthermore, there is no requirement that the requesting party specifically request a postponement. The request condition is met merely by the requesting party's seeking some type of relief which by necessity requires the granting of a postponement of the trial to a date beyond the 180-day limit. In *Calhoun v. State, supra,* a request for a severance was deemed tantamount to a simultaneous request for a postponement.[6]

The request condition was met in this case by the appellee who specifically requested the postponement because of the unavailability of a witness.

### Condition Two—"Good Cause"

The second condition requires a showing of "good cause". Although, as we noted above, there is no absolute or *per se* definition of "good cause", the "good cause" condition is satisfied when it is established that a necessary witness is unavailable, *Bolden v. State, supra.* The uncontroverted evidence in the case at bar showed that a critical witness was unavailable. Except in those situations where the unavailability of the witness is caused by the requesting party's culpable or negligent act or omission, the reason for the absence of the witness is immaterial: The appellee was in no way responsible for Mr. Hammond's unavailability on October 27, 1981. Accordingly, we find that the condition of "good cause" was also met.

---

**6.** We do not suggest that postponement requests and orders should be done casually; we merely observe what have been recognized as the minimum requirements. We believe that prudent counsel will make their postponement request specific and will secure, when postponements are granted, explicit written orders of authorization.

### Condition Three—Approval

The third condition requires that the administrative judge or his designee approve the postponement. There is no set procedure which must be followed to secure approval.

Although no formal order of postponement was issued in this case, it is clear that when Judge Taylor only a week before the expiration of the 180-day period, (November 2, 1981) directed that the case be removed from the assignment calendar and instructed counsel to agree upon a new date, he *de facto* ordered a postponement. Because Judge Taylor was the judge designated to order postponements, we conclude that his actions provided the requisite approval.

\*\*\*

Having found that the three conditions for a proper Rule 746 postponement were satisfied, we conclude that the appellee's trial was properly postponed beyond the 180-day limit of Md. Rule 746.

When Judge Taylor granted the postponement on October 27, 1981 to a date beyond the 180th day, the requirement of Rule 746a was satisfied and ceased to have any application to this case. It would be meaningless, therefore, to attempt to decide whether the November 13, 1981 postponement complied with Md. Rule 746a requirements. Rather, the appellee's speedy trial right, as of October 27, 1981, became measurable only by the *Barker v. Wingo, supra,* balancing test. That test requires that the entire period of delay from arrest until trial be considered in the light of the reason(s) for the delay, the defendant's assertion of his right and the prejudice to the defendant.

Although the appellee raised both Rule 746a and speedy trial issues in the lower court and on appeal, when the trial judge dismissed the indictment, he confined his ruling to whether Md. Rule 746 had been violated. As we have determined that Md. Rule 746 was not violated, we shall vacate the order of dismissal and remand the case for a determination to be made as to whether appellee's

constitutional right to a speedy trial had been violated.[7] If the court finds that it had not been violated, the trial of the case may proceed.

> *Judgment reversed; indictment reinstated.*
> *Case remanded for further proceedings pursuant to this opinion.*
> *Costs to be paid by appellee.*

---

**7.** We realize that the State at the January 8, 1982 hearing intended to request a further postponement. This request, however, was never made. In determining the constitutional right of speedy trial, the court on remand should consider January 8, 1982 as the trial date.