554 A.2d 420

Gordon REED

v.

STATE of Maryland.

No. 921, Sept. Term 1988.

Court of Special Appeals of Maryland.

March 6, 1989.

524

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Submitted before BISHOP, ROSALYN B. BELL and WENNER, JJ.

BISHOP, Judge.

The question presented in this appeal is whether the Circuit Court for Baltimore City erred in denying the appellant's motion to dismiss the charges against him on the ground that he was denied his statutory and/or constitutional rights to a speedy trial.

## CHRONOLOGY

*December 31, 1986:* The appellant is arrested and charged with two separate counts of battery.

*January 30, 1987:* The appellant appears for trial in the District Court. The trial is postponed at the request of the State because a complaining witness is ill.

*March 9, 1987:* The appellant appears again in the District Court and requests a jury trial.

*March 26, 1987:* The appellant is arraigned in circuit court. He enters a plea of not guilty and requests a jury trial.

*June 25, 1987:* The appellant appears before Judge Hilary Caplan and requests a severance of the two charges; he requests that one charge be tried by a jury and that the other be tried by the court. The following occurs:

MS. MATTHEWS [Defense Counsel]: Your Honor, in view of the fact that Mr. Reed requested a judge trial, a court trial on the first incident—well, the only thing we would be asking would be to have that trial, it shouldn't take very long and then after that trial is finished, we could then request—

THE COURT: Well, I am not saying they should be presented in a sense of the same time, but on the same day. Certainly should be tried at the same time. If there is any prejudice because of the witnesses' testimony, which over-spills into the second trial, that is your concern, and that is my concern as well; however, I don't think that, at this time, there is sufficient evidence for this court to grant your motion to sever.

So, I'm denying your motion to sever unless there is something additional that you come up with that gives the court that hears this case the opportunity to do that.

In any event, the court is unable to hear this case today because of the schedule that it has. I have to postpone. Is there a Hicks problem in the case?

MS. MATTHEWS: It was arraigned on 3/26/87. Your Honor, we would be objecting to the postponement.

THE COURT: Well, I'm going to find that there is good cause since no court is available at this time. We will reschedule the case as soon as possible and ask counsel to get together and reschedule within the next six weeks so the gentleman can be tried immediately. The gentleman is incarcerated.

MR. GASKINS [Prosecutor]: Hicks date, I believe, is September 24, '87.

THE COURT: Well, I want you to get together within the next six weeks so there is ample opportunity to summon witnesses, so you both can try the case as quickly as possible.

The Postponement Form shows "No court available" as the reason for postponement.

*August 21, 1987:* The appellant appears before Judge Mary Arabian and renews his request for separate court and jury trials on the two charges. The following occurs:

THE COURT: They are both going to have to be postponed because Ms. Holland [Prosecutor] is in another jury trial. You can't have any of it today.

MR. WEINER [Defense Counsel]: Is that saying that the motions are granted or is the Court denying such at this time?

THE COURT: I don't want to make the decision.

DEFENDANT REED: The case has been postponed.

MR. WEINER: I would note that this case has been in before.

DEFENDANT REED: It has been postponed four times.

MR. WEINER: It was postponed on January 25th and around March 6th in the Circuit [sic] Court.

THE COURT: This case already had a decision on the severance and that is binding on any Judge in this case. The motion to sever has already been denied by Judge Hilary Caplan, and Hicks' was waived. I find good cause and I don't have to ask for a waiver.

MR. WEINER: May I just for the record object.

THE COURT: You certainly can.

MR. WEINER: Because Mr. Reed is anxious to have this matter fully litigated.

DEFENDANT REED: Yes, I am.

THE COURT: I can't try but one at a time.

MR. WEINER: I understand.

THE COURT: There is already a jury trial in progress. I already agreed to Ms. Holland starting right away.

DEFENDANT REED: Excuse me, Your Honor.

THE COURT: There are no other courts available.

DEFENDANT REED: Is Judge Caplan aware of that? Judge Caplan asked that it be brought back in a six week

period or a seven week period and now each time it comes back it's just impossible for me to have my day in court.

THE COURT: There are a lot of people who have to wait, you are not the only one.

DEFENDANT REED: I have been waiting and I am sure you are aware I have been here prior to me being here more so than I was aware of.

THE COURT: I am sorry about it, there is nothing I can do about it.

DEFENDANT REED: What about possible arrangements that can be made for me to have my case heard today.

THE COURT: Today?

DEFENDANT REED: Yes.

THE COURT: None. I cannot try more than one at a time.

\* \* \* \* \* \*

DEFENDANT REED: So, basically this is just an arraignment proceeding here?

THE COURT: It is just a postponement, that is all it is.

DEFENDANT REED: When will I be back?

THE COURT: Roughly three weeks.

MR. WEINER: They normally don't come back in three weeks.

THE COURT: I think that would be fair to say, I think three weeks or almost a month. I would like to see him tried within the Hicks time.

MR. WEINER: I will try to find out who is handling the case and see if it can go to criminal assignment and get a date certain.

DEFENDANT REED: I have been incarcerated for eight months and two months ago this is exactly the same thing that happened to Judge Kaplan [sic], and we are here today before another Judge and I am going through the same thing now.

THE COURT: Well, the person that is going to try you is also entitled to be here.

The Postponement Form shows "No court available" as the reason for postponement.

*September 22, 1987:* The 180th day after arraignment.

*October 29, 1987:* The case is postponed by Judge Arrie Davis. Although there is no transcript of proceedings on that date in the record, the Postponement Form shows "No courtroom available" as the reason for postponement. That form also shows that the prosecutor agrees and defense counsel disagrees with the request. "Good cause shown for postponement" is checked.

*November 25, 1987:* The appellant files a *pro se* Motion for Speedy Trial. Defense counsel files a Motion to Dismiss on the ground that the appellant has been denied his statutory and constitutional rights to a speedy trial.

*December 22, 1987:* The appellant appears before Judge Robert Hammerman, pleads not guilty, and elects a jury trial. The following occurs:

THE COURT: All right. As I believe you know, Mr. German [Defense Counsel], that cannot be tried now. We are beginning another Jury trial that Miss Watts [Prosecutor] is involved in, so the case will have to be postponed for that reason. So, thank you. That will conclude the hearing.

THE DEFENDANT: Does His Honor know that I've been incarcerated since last year, that I've made four previous experiences for Jury trials?

THE COURT: Well, all I can explain to you, Mr. Reed, is that the State is not trying you promptly and if it's violating your right to a speedy trial you have an attorney who can exercise those rights for you.

THE DEFENDANT: Your Honor, I've been told that every time I came. I filed my own motions for speedy trial, dismissal motion, motion for bail reviews and alternatives and different things, you know. There has been no response. The only letter that I have here is from Judge Hilary Caplan, the Administrative Judge, telling me these things. I've also sent them to Miss Banks, the

Clerk of the Court, as well as to the State's Attorney and I haven't had any remedy at all.

THE COURT: Well, again I say to you, Mr. Reed, you have an attorney representing you. He is familiar with the statutory rights to a speedy trial and he will do what has to be done to properly represent your interests.

THE DEFENDANT: My interests hasn't been properly represented for a whole year and they have known this for a whole year.

THE COURT: The case will be postponed and thank you, Counsel. That will conclude the hearing.

MISS WATTS: Your Honor, would the Court find good cause for the postponement?

THE COURT: The Court will find good cause.

MISS WATTS: The unavailability of Court.

THE COURT: The unavailability of the State's Attorney who is tied up in other Jury trials at this time.

The Postponement Form, however, shows "No court available" as the reason for postponement.

*January 26, 1988:* The appellant appears before Judge John Themelis. Counsel present argument on the Motion to Dismiss. The case is continued.

*February 10, 1988:* The appellant appears before Judge Themelis. Argument on the Motion to Dismiss continues. The State presents documentary evidence and testimony of the Deputy Criminal Assignment Commissioner to show that:

1. All judges assigned to misdemeanor courts were designated by the administrative judge to grant postponements pursuant to Md.Rule 4–271.

2. After each postponement in the instant case, the next available trial date was assigned.

3. The use of the "move list" [*see State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984)] for misdemeanor cases had been discontinued.

4. The influx of misdemeanor cases was such that they could not be tried more expeditiously by the limited judicial resources.

Following further argument, the court denies the Motion to Dismiss. After an off-the-record discussion, the case is called for trial and the following occurs:

MR. WEINER: Charles Weiner, Assistant Public Defender on behalf of Mr. Gordon Reed.

For the record, I am objecting, I suppose, in a sense, to the proceeding, inasmuch as we feel our speedy trial right and his rights have been denied. We do specifically proceed with the understanding that we do nothing to prejudice our position as regards an impending appeal on these matters.

To that end, Your Honor, we would at this time like to enter a plea of not guilty to the charges. We do so with the understanding that we will be securing a sentence from the court, which will—

THE COURT: Release him.

MR. WEINER: Which will release Mr. Reed from the Baltimore City Jail. He will no longer be held on charges.

The court questions the appellant and determines that he agrees to be tried on a "statement of facts" with the understanding that, if he is found guilty, the court will impose a three-year sentence and suspend execution of all except time served in favor of a three-year term of probation. The State presents a "statement of facts" (more accurately described as a stipulation of the State's evidence—*see Barnes v. State*, 31 Md.App. 25, 354 A.2d 499 (1976) for a discussion of the distinction). After the court announces its verdict of "guilty", defense counsel makes the following comments:

I would like Your Honor to know that Mr. Reed says it didn't happen that way, Judge. And, I think, Your Honor knows why we proceeded in this particular fashion.

I don't want Mr. Reed to feel at this particular point that he has to spend any greater period of time in his allocution trying to refute that the statement of facts is improper. That's the only reason I make this statement.

I want to make sure Mr. Reed understands that we do not mean to be agreeing with what the State just presented for the purpose of these proceedings and that we have proceeded in this fashion because in light of everything else that has happened in the case, it does work to Mr. Reed's benefit that we do proceed on this basis.

The court imposes sentence in accordance with the "bargain."

## THE ISSUES

The appellant presents four arguments in support of his claim that he was denied his statutory and/or constitutional rights to a speedy trial:

1. That trial was postponed beyond the time permitted by statute without "good cause" because the judge who granted the postponement did not contemplate that the trial would be scheduled after the deadline.

2. That the judge who granted the postponement beyond the statutory deadline was not a proper designee of the administrative judge because the practice of designating all misdemeanor court judges violated the spirit and intent of the statute.

3. That the reason for postponement beyond the statutory deadline did not amount to "good cause" under the circumstances of this case.

4. That the delay between the appellant's arrest and trial, under the circumstances of this case, was sufficiently inordinate to constitute a denial of his constitutional right to a speedy trial.

## THE LAW

### The Statutory Right

Article 27, § 591 of the Annotated Code of Maryland provides:

Trial date.

(a) The date for trial of a criminal matter in a circuit court:

(1) Shall be set within 30 days after the earlier of:

(i) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

(2) May not be later than 180 days after the earlier of those events.

(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

(c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts. (1971, ch. 212; 1980, ch. 378; 1982, ch. 820, § 1; 1987, ch. 222.)

Similarly, Maryland Rule 4–271(a) states:

TRIAL DATE

(a) Trial Date in Circuit Court.—The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 40213, and shall be not later than 180 days after the earlier of those events. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

 The time period contained in the statute and rule is mandatory, and violation thereof is ordinarily grounds for dismissal. *State v. Hicks*, 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334 (1979). The dismissal sanction is applicable only when the case is not tried within the time limit and not postponed in accordance with the statute and rule. *State v. Frazier*, 298 Md. 422, 428, 470 A.2d 1269 (1984). "The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond

180 days." *Id.* A postponement is in accordance with the statute and rule if three conditions are satisfied: first, a party or the court *sua sponte* must request the postponement; second, good cause must be shown by the moving party; third, the County Administrative Judge or a judge designated by him must approve the extension of the trial date. *State v. Farinholt,* 54 Md.App. 124, 129, 458 A.2d 442 (1983), *aff'd* 299 Md. 32, 472 A.2d 452 (1984), (citing *Calhoun v. State,* 52 Md.App. 515, 521, 451 A.2d 146 (1982), *rev'd on other grounds,* 299 Md. 1, 472 A.2d 436 (1984)). The requirement of "good cause" for a postponement of the trial date to a new date beyond the 180–day deadline has two components: 1. there must be good cause for not commencing the trial on the assigned trial date; 2. there must be good cause for the extent of the delay. *Frazier,* 298 Md. at 448, 470 A.2d 1269. When the administrative judge or his designee postpones a case beyond the 180–day deadline because of court unavailability, there is a violation of the statute and rule only if it is demonstrated that the change of trial date, or the period of time until a new trial date, represented a clear abuse of discretion. *Id.* at 462, 470 A.2d 1269. Non-chronic court congestion can constitute good cause for postponing a trial beyond the 180–day period. *Frazier, supra.* After a case has already been postponed beyond the 180–day period, the dismissal sanction has no relevance to subsequent postponements of the trial date unless the defendant's constitutional speedy trial right has been denied. *Farinholt,* 299 Md. at 40, 472 A.2d 452.

### The Constitutional Right

The Sixth Amendment to the U.S. Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." Article 21 of the Maryland Declaration of Rights declared "That in all criminal prosecutions every man hath a right ... to a speedy trial...."

Whether a defendant has been denied his constitutional right to a speedy trial must be determined on an *ad*

*hoc* basis by applying a four-factor "balancing test" which considers (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Epps v. State,* 276 Md. 96, 104, 106, 345 A.2d 62 (1975).

■ None of the four factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; they are related factors and must be considered together with such other circumstances as may be relevant. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193; *Epps,* 276 Md. at 107, 345 A.2d 62. The length of the delay is accounted from the date of the arrest to the date of the trial. *Epps,* 276 Md. at 109, 345 A.2d 62. Whether the reason for the delay constitutes a sufficiently valid excuse for postponing the trial depends upon a consideration of the other factors. *Epps,* 276 Md. at 111–117, 345 A.2d 62. Although a defendant has "no duty to bring himself to trial," *Barker,* 407 U.S. at 527, 92 S.Ct. at 2190, his assertion of the right is "entitled to strong evidentiary weight in determining whether [he was] being deprived of the right." *Id.* at 532, 92 S.Ct. at 2192; *Epps,* 276 Md. at 118, 345 A.2d 62. A determination of prejudice must consider the three interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pre-trial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. *Barker,* 407 U.S. at 532–33, 92 S.Ct. at 2192–93, *Epps,* 276 Md. at 106–7, 345 A.2d 62. An affirmative demonstration of prejudice is not necessary to prove a denial of the constitutional right to a speedy trial. *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Epps,* 276 Md. at 118, 345 A.2d 62. Prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. *Moore,* 414 U.S. at 26–7, 94 S.Ct. at 189–90; *Epps,* 276 Md. at 118, 345 A.2d 62.

## THE DECISION

### I.

The appellant's first argument, that the critical postponement was not supported by "good cause" because the postponing judge did not contemplate that trial would be scheduled after the 180–day period, was considered and rejected by the Court of Appeals in *Rosenbach v. State*, 314 Md. 473, 551 A.2d 460 (1989). We do likewise.

### II.

The appellant's second argument, that the judge who granted the critical postponement was not a proper designee of the administrative judge, was not preserved for our review. Defense counsel not only failed to raise the issue in the circuit court, he specifically asserted, in his argument on the Motion to Dismiss, that the judges who granted the postponements in this case had the authority to do so. Md.Rule 8–131(a). *See Rosenbach, supra.*

### III.

The appellant next argues that there was an absence of good cause for the postponements in this case. He asserts that the abandonment of the "move list" for misdemeanor cases has resulted in chronic congestion in those cases, and that self-created chronic congestion is not, as a matter of law, good cause for a postponement.

If we were to consider all the postponements in this case, we might well reach the same conclusion. But, as we have seen, a determination of whether a defendant has been denied his statutory right to a speedy trial must focus upon the order which had the effect of postponing the trial beyond the 180–day period. The critical order in this case is the postponement granted by Judge Arabian on August 21, 1987.

On August 21, 1987, the trial had been postponed only once before by the circuit court. Although the unavailability of a court had been the reason for the first postponement, and was asserted as the reason for the second postponement, we are not prepared to conclude that a single recurrence of the same reason amounted to "chronic" congestion. In short, we are unable to conclude that Judge Arabian abused her discretion in finding good cause for the postponement.

The postponement was granted a month before the end of the 180–day period. The trial was scheduled for a date slightly more than a month after that period. We do not believe that that delay was so inordinate as to amount to an abuse of discretion. The appellant was not denied his statutory right to a speedy trial.

## IV.

Unlike the statutory analysis, which focuses on a single order, the determination of whether a defendant has been denied his constitutional right to a speedy trial involves the consideration of all relevant circumstances in the context of the four-factor balancing test.

### Length of Delay

The appellant was tried more than thirteen months after he was arrested, having spent the entire time incarcerated. The hearing judge found, and the State concedes, that the delay was sufficiently inordinate to constitute a "triggering mechanism" to engage in the "sensitive balancing process" of reviewing the conduct which gave rise to the delay. *Wilson v. State,* 34 Md.App. 294, 296, 367 A.2d 970 (1976) (13 months is "constitutional dimensions"). We agree that the delay was sufficiently protracted to be "presumptively prejudicial: and to provoke inquiry into the other interrelated factors which go into the balance. *See Epps,* 276 Md. at 111, 345 A.2d 62.

### Reasons for the Delay

The hearing judge found that the delay between the appellant's arrest and the first scheduled trial date in the circuit court was properly characterized as "neutral" and attributable to the orderly administration of justice.

The reason for the first three postponements was the unavailability of a court. The reason for the fourth postponement was either the unavailability of a court (according to the Postponement Form) or the unavailability of a prosecutor (according to the transcript). The hearing judge concluded that the reason for all the postponements was the unavailability of a court. Although he acknowledged that delays associated with overcrowded court dockets are ordinarily attributable to the State, he seemed to conclude that the "avalanche" of misdemeanor cases entering the circuit court, and the efforts of court personnel to deal with it as expeditiously as possible, somehow transformed the reason for delay into a "neutral" one, attributable to the administration of justice. We think he was wrong. The entire delay from the first scheduled trial to the actual trial in this case is properly attributable to the State. Although it must be weighed less heavily than intentional delay, it is nonetheless entitled to some weight. *See Epps*, 276 Md. at 111–117, 345 A.2d 62; *Jones v. State*, 241 Md. 599, 217 A.2d 367 (1966).[1]

None of the delay is attributable to the appellant.

### Assertion of the Right

As we have seen, the appellant made it clear, early and often, consistently and persistently, that he wanted a

---

1. As we stated, *supra*, the actual reason for the second and fourth postponements was the unavailability of the prosecutor. These two postponements could have been weighed heavily against the State, *Epps*, 276 Md. at 111–117, 345 A.2d 62. Although appellant noted in his brief the actual basis for these two postponements, the issue was not argued in appellant's brief and, accordingly, it has not been preserved for our review. Md.Rule 8–131(c).

speedy trial, and the hearing judge so found, quite correctly. The appellant's assertion is "entitled to strong evidentiary weight in determining whether [he was] being deprived of the right." *See Epps,* 276 Md. at 118, 345 A.2d 62; *Jones.*

## Prejudice

 The hearing judge found, correctly, we think, that the appellant's defense had not been prejudiced by the delay. As we have seen however, the "prejudice" contemplated by the balancing test is not confined to that consideration, nor is an affirmative demonstration of prejudice necessary to prove a denial of the constitutional right to a speedy trial.

The hearing judge also found, incorrectly, we think, that the "presumptive" personal prejudice which results from oppressive pre-trial incarceration was "rebutted" in this case because the appellant was unemployed and living with his mother (rather than in his own home) at the time of his arrest and was represented by the Public Defender. We think the judge gave too little weight to the "inevitable personal prejudice" that results from delay.

In any event, as we have seen none of the four factors of the balancing test is a necessary condition to the finding of a deprivation of the constitutional right to a speedy trial.

The appellant in this case clearly made it known that he desired an early trial. He did not seek or acquiesce in any delay. The only countervailing considerations offered by the State were those connected with crowded dockets; there were no special circumstances with respect to the case itself. In light of these considerations, the case of *Wilson v. State,* 34 Md.App. 294, 367 A.2d 970 (1976), *cert. denied,* 280 Md. 730, 735, 736 (1977), in instructive.

In *Wilson* the two appellants suffered a delay of 13 months from their arrest to their trial date, due to crowded

court dockets. Neither appellant asserted their speedy trial rights until eleven months after their arrest for robbery with a deadly weapon and use of a handgun in a crime of violence. This Court, in reversing the convictions, stated that "[w]e simply cannot countenance a delay in excess of 13 months as a necessary evil resulting from our society's ills." *Id.* at 299, 367 A.2d 970.

By comparison, in *Howard v. State,* 66 Md.App. 273, 503 A.2d 739 (1986), *cert. denied,* 306 Md. 288, 508 A.2d 488, an eight month delay was upheld where two months of that delay were deemed waived by the appellant. Similarly, in *Lewis v. State,* 71 Md.App. 402, 526 A.2d 66 (1987), a delay of 19½ months was upheld where 7½ of those months delays were attributed to the appellant and the appellant did not assert his speedy trial right until a year after his arrest.

We find the case *sub judice* to be more like the situation in *Wilson* than that in *Lewis* and *Howard.* In fact, appellant's situation is even more compelling than that of the petitioner in *Wilson.* Not only was appellant confined on a simple assault charge as opposed to an armed robbery, but he asserted his constitutional right throughout the period of the delay. It follows that the unreasonable delay in this run-of-the-mill criminal case "cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn." The appellant was denied his constitutional right to a speedy trial.

JUDGMENTS REVERSED.

CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH INSTRUCTIONS TO DISMISS THE CHARGING DOCUMENTS.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.