565 A.2d 348

**Walter INGRAM**

v.

**STATE of Maryland.**

**No. 195, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Nov. 2, 1989.

Certiorari Denied Dec. 5, 1989.

548

Mark L. Gitomer (Howard L. Cardin and Cardin & Gitomer, P.A., on the brief), Baltimore, for appellant.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before ROBERT M. BELL, WENNER and FISCHER, JJ.

ROBERT M. BELL, Judge.

Walter Ingram, appellant, appeals from the judgment of the Circuit Court for Baltimore City denying his motion to dismiss on both statutory and constitutional speedy trial grounds. Although he presents nine questions for our review [1], we find it necessary to address only one, *i.e.,* the

---

1. They are:
 1. Did the trial court err in denying Ingram's motion to dismiss the charges against him on the ground that he was denied his statutory right to a speedy trial?
 2. Did the trial court err in denying Ingram's motion to dismiss the charges against him on the ground that he was denied his constitutional right to a speedy trial?

propriety of the court's denial of the motion to dismiss on statutory speedy trial grounds. Because we determine that the designee of an administrative judge may not further delegate to another trial judge authority to grant a change in the circuit court trial date, we will reverse.

Before addressing the merits, it is necessary, as a threshold matter, that we consider the State's motion to dismiss. In so doing, we set forth sufficient facts to give it context.

Appellant was indicted in 1985 for conspiracy to distribute narcotics. Although he was tried in 1987—the jury verdict convicting him was rendered, and the sentence of twenty years imprisonment was imposed by the court, on October 14, 1987 a decision on appellant's pretrial motion to dismiss on speedy trial grounds was not rendered until November 29, 1988.[2] Between October 14, 1987 and No-

---

3. Did the trial court err in waiting 13 months after Ingram's conviction before ruling on the motion to dismiss?
4. Did the trial court err in refusing to recuse itself?
5. Did the trial court err in refusing to strike its previously made finding of fact?
6. Did the trial court err in refusing to issue a subpoena duces tecum for Judge Joseph H.H. Kaplan and Judge Edward Angeletti?
7. Did the trial court err in refusing to allow counsel to question Judge Angeletti about the conversation he had with Judge Gordy after receiving the first subpoena?
8. Did the trial court err in restricting Ingram's ability to cross-examine Judge Angeletti by directing that the letter of July 2, 1987, be marked as an exhibit for identification and then shown to Judge Angeletti?
9. Did the trial court err in refusing to allow the defendant to call Andrea Smith as a witness, after it became apparent that she was present during Judge Angeletti's reported conversation with Judge Gordy on October 30, 1985?

2. Different counsel represented appellant at trial and on the motion to dismiss. The first hearing on the motion to dismiss was held on October 14, 1987, the date on which the jury returned its verdict and appellant was sentenced. It began after the defense had rested and prior to the jury retiring to consider its verdict. The hearing was not completed, however, because counsel requested and was granted additional time to prepare appellant's case. Although the next hearing was scheduled for November 30, 1987, that hearing was never held and, indeed, the next hearing was held on October 24, 1988. According to the trial judge, "This case has been scheduled at least a half

vember 29, 1988, appellant's appeal of his conviction, on the merits, was filed and decided, his motion to stay the judgment pending resolution of the then pending motion to dismiss having been denied.[3] Fully cognizant of Md.Rule 4-252(f),[4] but focusing on the extent of the delay between conviction and the decision on the motion to dismiss, the State argues that appellant's appeal should be dismissed pursuant to Md.Rule 8-602(a)(1)[5]. Pointing out that between thirteen and fourteen months elapsed from the time appellant was convicted and sentenced to the date of the ruling on his motion to dismiss, it reasons: "[e]ntertaining such a motion well over fourteen months after a defendant's conviction and sentence, in which the defendant has had an intervening appeal to this court is beyond the scope of the Rule." This is particularly true, it continues, when "the delay in holding the hearing on Ingram's motion to dismiss is directly attributable to Ingram"; appellant's counsel sought and was granted the postponements which caused the delay. Finally, the State asserts that, when he filed an appeal on the merits, although not raising issues related to the motion to dismiss, appellant caused the trial

---

dozen times in this court and on each of those previous occasions it has been postponed at the request of the defense." As indicated, the motion to dismiss was denied on November 29, 1988.

**3.** The speedy trial issues raised in the motion to dismiss were not raised on appeal, undoubtedly because, at the time he prosecuted his appeal, no judgment had been rendered on the motion and, consequently, the issue was not ripe for appeal.

**4.** Md.Rule 4-252(f) provides:
(f) *Determination.*—Motions filed pursuant to this Rule shall be determined before trial and, to the extent practicable, before the day of trial, except that the court may defer until after trial its determination of a motion to dismiss for failure to obtain a speedy trial. If factual issues are involved in determining the motion, the court shall state its findings on the record.

**5.** Md.Rule 8-602 provides:
(a) *Grounds.*—On motion or on its own initiative, the court may dismiss an appeal for any of the following reasons:
(1) the appeal is not allowed by these rules or other law;
\* \* \* \* \* \*

judge to be divested of jurisdiction to entertain and rule upon his motion to dismiss. It is interesting to note that the State raised these issues for the first time in its motion to dismiss appellant's appeal, filed as a part of its brief; no such contentions were made at the hearing on November 18, 1988.

■ We will deny the State's motion. As we have seen, the trial court was authorized by Md.Rule 4–252(f) to proceed as it did. No time limitation within which the trial court must issue a ruling is provided by that rule. That being the case, when the trial court does render a ruling, whenever that may happen to be, its order is subject to review. That, in this case, a considerable amount of time elapsed from the commencement of the hearing on the motion to dismiss to its conclusion, particularly when the delay was occasioned by the trial court's exercise of discretion to grant continuances, does not render an appeal of the trial court's ultimate ruling "not allowed by these rules or other law". *See Brodak v. Brodak*, 294 Md. 10, 20–21, 447 A.2d 847 (1982); *Montgomery County v. McDonald*, 68 Md.App. 307, 314–15, 511 A.2d 560 (1986); *Robinson v. Montgomery County*, 66 Md.App. 234, 241–42, 503 A.2d 275 (1986); *Zorich v. Zorich*, 63 Md.App. 710, 714–16, 493 A.2d 1096 (1985). Indeed, the State does not provide us with any rationale for reaching such a conclusion.

■ Nor does the State's argument that the trial court was without jurisdiction to entertain the motion on November 18, 1988 have merit. Aside from the fact that the hearing was held long after appellate jurisdiction over the case had been relinquished—our mandate issued June 30, 1988—we entertain some doubt as to whether the intervening appeal *ever* terminated the trial court's jurisdiction to hear and resolve the pending motion to dismiss. As the State has already acknowledged, the appeal proceeded on issues unrelated to those raised in the motion to dismiss. That being so, the court was not deprived of "fundamental" jurisdiction to hear and decide the matter. *See Stewart v.*

*State,* 287 Md. 524, 526–7, 413 A.2d 1337 (1980); *Pulley v. State,* 287 Md. 406, 416–17, 412 A.2d 1244 (1980). *See also Makovi v. Sherwin–Williams Co.,* 311 Md. 278, 283 n. 6, 533 A.2d 1303 (1987); *Preissman v. Mayor and City of Baltimore,* 64 Md.App. 552, 557–61, 497 A.2d 826 (1985), *cert. denied,* 305 Md. 175, 501 A.2d 1323 (1986). And we perceive no impropriety in the court having conducted the hearing in this case.

■ The State's argument that appellant failed to proceed with due diligence is in the nature of a waiver argument; a trial court's jurisdiction certainly does not depend upon the parties' diligence or lack thereof although it may affect the relief the court may provide. To the extent that it implicates waiver principles, since, as we have already pointed out, the State failed to raise the issue below, we refuse to address it. *See* Md.Rule 8–131(a).

■ Maryland Code Ann. art. 27, § 591 [6] and Md.Rule 4–271(a) [7] prescribe the time limitations within which crimi-

---

6. Maryland Code Ann. art. 27, § 591 provides:
 *Trial date.*
 (a) The date for trial of a criminal matter in a circuit court:
 (1) Shall be set within 30 days after the earlier of
 (i) The appearance of counsel; or
 (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
 (2) May not be later than 180 days after the earlier of those events.
 (b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.
 (c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts.

7. Maryland Rule 4–271(a) provides:
 (a) *Trial date in circuit court.*—The date for trial in circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events.... On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

nal cases in the circuit court must be tried. Pursuant to the statute and Rule, a criminal case must be tried not later than 180 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court unless a change in the trial date has been granted in accordance with the statute and the Rule. A change in the trial date is in accordance with the statute and Rule when the record reflects that a party or the court, *sua sponte*, has requested the postponement; good cause has been shown by the moving party; and the county administrative judge or a judge designated by that judge has approved the change in the trial date. *Reed v. State*, 78 Md.App. 522, 534, 554 A.2d 420 (1989) citing *State v. Farinholt*, 54 Md.App. 124, 129, 458 A.2d 442 (1983), *aff'd*, 299 Md. 32, 472 A.2d 452 (1984). When the statute and Rule have been violated, either because the case was not tried within the time limitations or it was not postponed properly, ordinarily the proper sanction is dismissal. *See State v. Frazier*, 298 Md. 422, 428, 470 A.2d 1269 (1984). *See also State v. Hicks*, 285 Md. 310, 403 A.2d 356 On Motion for Reconsideration, 285 Md. 334, 335 (1979). In that regard, the critical order is the one having the effect of extending the trial date beyond 180 days. *Frazier*, 298 Md. at 428, 470 A.2d 1269. *See Rosenbach v. State*, 314 Md. 473, 477, 551 A.2d 460 (1989).

Appellant's § 591/Rule 4–271 argument is that Judge Gordy did not possess administrative authority either to find "good cause" or to postpone his case. Consequently, since he was not tried within 180 days [8] and it was Judge

---

8. The parties disagree as to when the 180 day period began to run. Appellant maintains that it was when William H. Murphy, Jr. entered his appearance, albeit for the limited purpose of a bail hearing, on behalf of appellant. The State, focusing on the limitation placed upon the entry of appearance by Mr. Murphy, maintains that the time began to run when appellant was rearraigned and appeared personally. Although an interesting question—there is nothing in the Rules which permits an attorney to enter an appearance for a limited purpose—we need not address the issue since, in any event, the order postponing the case beyond 180 days, be it from the State's perspective or that of appellant, was entered by Judge Gordy, as to whom appellant's argument necessarily relates.

Gordy who postponed the case beyond 180 days, he contends that his motion to dismiss should have been granted.

At all times relevant to this appeal, Judge Joseph H.H. Kaplan was the administrative judge of the Circuit Court for Baltimore City and Judge Edward Angeletti was his designee for criminal matters. Judge Angeletti testified that Judge Gordy was *his* designee, having been orally designated by him as administrative judge for all purposes related to the handling of the case in which appellant was a co-defendant.[9] Although, according to Judge Angeletti, the oral designation was made on October 30, 1985, it was not confirmed in writing until July 2, 1987 [10] in a letter from Judge Angeletti to Judge Gordy.

The record clearly reflects that Judge Kaplan never designated Judge Gordy as acting administrative judge for any purpose or that he was aware of, or approved, Judge Angeletti's designation. It is this absence of involvement in the designation on the part of Judge Kaplan upon which appellant's argument depends. Specifically, he asserts that a designee of the administrative judge may not designate yet another judge to perform the administrative duties assigned to him. We agree.

Section 591 and Rule 4–271 are explicit in the requirement that a change in trial date be effected by "the county administrative judge or *that judge's* designee".[11] (Emphasis supplied) Our consideration of the plain language of the

---

The State does not contend that appellant was in any way responsible for the delay in the trial of the merits.

9. The case was treated as a protracted case since there were 13 co-defendants of which appellant was only one.

10. Appellant questions whether any designation was made by Judge Angeletti prior to the letter of July 2, 1987 and he points to several facts which seem to be inconsistent with there having been a designation on October 30, 1985. It is not necessary that we address the point.

11. The statute phrases it "A county administrative judge or a designee of that judge".

statute and rule, which we deem to be clear and unambiguous, in light, however, of their purpose, *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628 (1987), causes us to conclude that they patently contemplate but one designation for purposes of a change of trial date and that designation is from the administrative judge to a judge or judges whom *he* or *she* designates for that purpose. This is consistent with the purpose of the statute and Rule—ensuring that the person in the best position to do so makes the decision on postponement of cases. *See State v. Frazier*, 298 Md. at 453–454, 470 A.2d 1269 ("The major safeguard, contemplated by the statute and Rule, for assuring that criminal trials are not needlessly postponed beyond the 180 day period, is the requirement that the administrative judge or his designee, rather than any judge, order the postponement. This is a logical safeguard, as it is the administrative judge who has the overall view of the court's business, who is responsible 'for the administration of the court', who assigns trial judges, who 'supervise[s] the assignment of actions for trial' who supervises the court personnel involved in the assignment of cases, and who receives reports from such personnel.") It is also consistent with Md.Rule 1200, pertaining to the responsibilities of a County Administrative Judge.

Rule 1200(d), County Administrative Judge, in pertinent part provides:

1. *Designation.*

In the first seven judicial circuits, the Circuit Administrative Judge of a judicial circuit may, from time to time, and with the approval of the Chief Judge of the Court of Appeals, by order appoint a judge of the Circuit Court for any county within his judicial circuit to be County Administrative Judge of the Circuit Court for such county. A County Administrative Judge may be replaced by the Circuit Administrative Judge of his circuit with the approval of the Chief Judge of the Court of Appeals or by the Chief Judge of the Court of Appeals on his own motion. In the Eighth Judicial Circuit the Circuit Admin-

istrative Judge shall have all the powers and duties of a County Administrative Judge.

✻ ✻ ✻ ✻ ✻ ✻

3. *Power to Delegate.*

(i) A County Administrative Judge, with the approval of his Circuit Administrative Judge, may delegate to any judge or to any committee of judges of his court, or to any officer or employee of such court, such of the responsibilities, duties and functions imposed upon him as he, in his discretion, shall deem necessary or desirable.

(ii) In the implementation of Code, article 27, § 591 and Rule 4–271(a), a County Administrative Judge may (A) with the approval of the Chief Judge of the Court of Appeals, authorize one or more judges to postpone criminal cases on appeal from the District Court or transferred from the District Court because of a demand for jury trial, and (B) authorize not more than one judge at a time to postpone all other criminal cases.

Subsection 1 of the rule makes clear that the administrative judge of the Circuit Court for Baltimore City has the powers and duties of "a County Administrative Judge." Therefore, the reference in subsection 3 to "County Administrative Judge" includes the "Circuit Administrative Judge" of the Eighth Circuit, rather than a judge designated by him. Thus, in Baltimore City, the administrative judge "may delegate" his responsibilities, duties and functions; because the Eighth Circuit is not a multi-county circuit, the Rule does not refer to the designee of the County Administrative Judge. In this respect, then, Baltimore City is different from multi-county circuits.[12]

---

**12.** It is easy to understand the distinction. In multi-county circuits, it would be an administrative nightmare if the Circuit Administrative Judge had to make all of the postponements or designations throughout the circuit. Aside from the fact that the Circuit Administrative Judge may not be in the best position to postpone cases in the counties in which he or she did not regularly sit, it would be an impossible task for that judge to anticipate when his designee would be unavailable. It makes sense, therefore, that a Circuit Administra-

Subsection 3(ii), added by amendment on March 23, 1989, effective July 1, 1989, further supports the point. By its express terms, a County Administrative Judge "may authorize not more than one judge at a time to postpone all ... criminal cases" other than those on appeal or transferred from the District Court.

Interpreting the statute and the rule as permitting the County Administrative Judge's designee, in turn, to designate another judge to perform the administrative duties delegated to him leads to, and, indeed, invites, an anomalous result. If the administrative judge's designee may further designate, so, too, may that judge's designee and so forth. It is therefore conceivable that, at any given time, each judge in a circuit could be authorized to grant changes in trial dates. That result was specifically made the subject of a caution in *Farinholt*, 299 Md. at 37–38 n. 2, 472 A.2d 452: "... any procedure adopted by a circuit court consisting of several trial judges, by which *all* trial judges are purportedly authorized to grant postponements for purposes of § 591 and Rule [4–271(a)]], would not comply with § 591 and Rule [4–271(a)]". (Emphasis in original) It would also run afoul of the purpose of the statute and rule, which, as we have indicated, are designed to ensure that the judge in the best position to do so changes the trial date.

The State argues that even if the trial date were changed in violation of the statute and rule, dismissal is not the appropriate sanction. The Court of Appeals has made very clear that "the provisions of article 27, § 591 and [Rule 4–271(a)] are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or benchmarks to be observed, if convenient". *State v. Hicks*, 285 Md. at 318, 403 A.2d 356; *Reed v. State*, 78 Md.App. at 533, 554 A.2d 420. Moreover, the Md.Rules "are not guides

---

tive Judge's designee, *i.e.*, a County Administrative Judge, would be allowed to further designate, with the Circuit Administrative Judge's approval, another judge for purposes of granting changes in the trial date.

to the practice of law but precise rubrics established to promote the orderly and efficient administration of justice and ... are to be read and followed." *See Goins v. State,* 293 Md. 97, 109, 442 A.2d 550 (1982). And, as we have seen, the court has applied the dismissal sanction when there have been violations of the rule and statute. Consequently, we think, if there is to be an exception, that it is the Court of Appeals, and not we, that must make it. Accordingly, we decline appellee's invitation to provide, as a policy matter, a sanction other than dismissal for a violation of the statute and rule.

JUDGMENT REVERSED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.