472 A.2d 452

**Robert Louis FARINHOLT**

v.

**STATE of Maryland.**

**No. 71, Sept. Term, 1983.**

Court of Appeals of Maryland.

March 15, 1984.

**34**

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

This is another case involving the application of Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746.

The petitioner, Robert Louis Farinholt, and a co-defendant, Paul Edward Hammond, were indicted in the Circuit Court for Prince George's County for armed robbery and related offenses. The indictment was based on allegations that Farinholt and Hammond had together committed armed robbery at a fast food restaurant located in a Prince George's County shopping center.

Farinholt was arraigned on May 6, 1981; thus the 180-day period for trying the case, prescribed by § 591 and Rule 746, would expire on November 2, 1981. The appearance of Farinholt's attorney was entered on May 12, 1981, and at that time Farinholt elected a jury trial. In addition, Farinholt and Hammond were granted separate trials pursuant to Rule 745 c. Farinholt's trial was scheduled for August 10,

1981. On August 10th, however, the trial was postponed by order of Judge Chasanow.[1] The next day the Assignment Office set a new trial date of September 23, 1981.

When the case was called for trial on September 23, 1981, Farinholt's attorney orally moved that the trial judge (Chasanow, J.) grant a postponement, and the prosecuting attorney indicated that a postponement was agreeable to the State. The reason for the postponement request was that the defendant's attorney desired to call as a witness the co-defendant Hammond, that Hammond would not testify until he had been sentenced, and that Hammond's sentencing was scheduled for the near future. In addition, the defendant's attorney, as well as the defendant himself, indicated their consent to a trial date beyond the 180-day deadline under § 591 and Rule 746. The transcript of the proceedings on September 23rd reads in pertinent part as follows:

"DEFENSE ATTORNEY: Mr. Farinholt is now present in court. We formally ask the Court to continue this case, and for reasons we would indicate to the Court that it came to my attention very late yesterday that there was another witness who was unavailable, who I would believe to be absolutely essential in preparation of his defense. I would anticipate the witness probably will be available some time next week. For that reason I think that it is incumbent on me on Mr. Farinholt's behalf to ask for a continuance. We would be waiving our right to trial within 180 days under the *Hicks* decision, also waive our right to speedy trial in the interim period, as long as it takes to set the case back in. I am going down to assignment and set the case in as quickly as possible;

---

1. The record contains no written motion for a postponement and no transcript of the August 10th proceeding. Nevertheless, the record does contain the transcript of a pre-trial hearing before Judge Chasanow on August 5, 1981. At the August 5th hearing, both the prosecuting attorney and the defense attorney indicated that a postponement of the August 10th trial date would be necessary.

however, I doubt very seriously the case will be able to be set within the 180 days."

\* \* \* \* \* \*

"DEFENSE ATTORNEY: Your Honor, I have reason to believe the testimony of the co-defendant in this case may be of value to the defendant.

THE COURT: So, you are waiting for the co-defendant?

DEFENSE ATTORNEY: And the co-defendant to my knowledge will be sentenced Friday."

\* \* \* \* \* \*

"THE COURT: ... Now, Mr. Farinholt, you heard your counsel ask for a continuance. Are you agreeable to having the case continued?

THE DEFENDANT: Yes, sir.

THE COURT: You understand by consenting or asking for this continuance you are waiving any right you have to a speedy trial, and you are also waiving any right you have to go to trial within 180 days of your initial appearance or the entry of appearance of counsel? Do you understand all those rights?

THE DEFENDANT: Right.

THE COURT: And you want the case continued?

THE DEFENDANT: A huh. (Affirmative)

THE COURT: And you waive your right to speedy trial and your right to go to trial within 180 days of the initial appearance; is that correct?

THE DEFENDANT: Right.

THE COURT: Let the docket entry show the case continued at the request of the defendant."

The third trial date scheduled by the Assignment Office was October 27, 1981, which was still six days before the expiration of the 180-day period. The case was called for trial on October 27, 1981, and again the defendant's attorney made an oral motion to the trial judge (Taylor, J.) for a postponement. The basis for the motion was the continued

unavailability of the co-defendant Hammond as a witness for the defense. The defendant's attorney explained that, although Hammond had finally been sentenced, there had been insufficient time after his sentencing to arrange for his presence on October 27th. The defendant's attorney also referred to the fact "that previously we waived *Hicks* and speedy trial," indicated that the new trial date would probably be in February 1982, and requested a reduction in the amount of required bail so that the defendant would not be incarcerated until the new trial date. Judge Taylor granted the motion for a postponement, reduced the amount of bail required, and directed the attorneys to obtain a new trial date from the Assignment Office.

Following an October 30th hearing before Judge Taylor concerning the selection of a new trial date, a fourth trial date of November 18, 1981, was agreed upon by the prosecuting attorney and the defendant's attorney and was assigned by the Assignment Office. On November 13, 1981, however, the State filed a written motion to postpone the November 18th trial date on the ground that "the victim, Kenneth Warne, is now in Florida on a prescheduled vacation and will not be present on the trial date." The State went on to assert that the victim was an essential witness, that this was the first postponement requested by the State, and that the case had been postponed "at the request of the defense several times previously." The defense objected to postponing the November 18th trial date. Nevertheless Judge Melbourne signed an order granting the State's motion for postponement.[2]

---

**2.** It should be noted that Art. 27, § 591, and Rule 746 require that all postponements of trials in circuit court criminal cases be done by the administrative judge or his designee. As we stated in *Frazier v. State,* 298 Md. 422, 450, 470 A.2d 1269 (1984), the statute and rule "transfer the authority to postpone a criminal trial from *any* trial judge to the administrative judge or his designee." (Emphasis added.) *See Calhoun v. State,* 299 Md. 1, 472 A.2d 436 (1984), filed today.

In the instant case, the various postponements of trial dates were ordered by Judges Chasanow, Taylor and Melbourne. While, for

Thereafter the Assignment Office re-scheduled the trial for January 8, 1982. On January 8th, the defendant's attorney moved to dismiss, asserting a violation of § 591 and Rule 746, as well as a violation of the constitutional right to speedy trial. The trial judge (Blackwell, J.), confining his ruling to the § 591 and Rule 746 issue, granted the motion to dismiss.

The Court of Special Appeals reversed and remanded the case for further proceedings, holding that § 591 and Rule 746 were not violated. *State v. Farinholt,* 54 Md.App. 124, 458 A.2d 442 (1983). The Court of Special Appeals held that the dismissal sanction for a violation of § 591 and Rule 746 applies only when a trial is improperly postponed to a date beyond the 180-day limit, but that once a case is properly postponed beyond the 180-day deadline, the dismissal sanction is inapplicable to subsequent postponements. 54 Md. App. at 132–133, 135, 458 A.2d 442. The appellate court pointed out that the October 27, 1981, order by Judge Taylor was the order having the effect of postponing the trial beyond November 2, 1981, which was the end of the 180-day period. *Id.* at 133, 458 A.2d 442. The court concluded that the October 27, 1981, postponement fully complied with § 591 and Rule 746. *Id.* at 133–135, 458 A.2d 442. In light of this conclusion, the court stated that "[i]t would be meaningless, therefore, to attempt to decide whether the November 13, 1981, postponement complied with" § 591 and Rule 746. *Id.* at 135, 458 A.2d 442. Finally, the Court of Special Appeals stated that, upon remand, the trial court should rule upon the defendant's contention that he was

---

reasons set forth later in this opinion, no issue about the matter is properly before us, we observe that none of these judges is the county administrative judge. Moreover nothing in the record suggests that any of them had been designated as the acting administrative judge during the period when he or she ordered a postponement. In this connection we caution that any procedure adopted by a circuit court consisting of several trial judges, by which *all* trial judges are purportedly authorized to grant postponements for purposes of § 591 and Rule 746, would not comply with § 591 and Rule 746.

denied his constitutional right to a speedy trial. *Id.* at 135–136, 458 A.2d 442.

We then granted the defendant's petition and the State's conditional cross-petition for a writ of certiorari. *Farinholt v. State,* 296 Md. 654 (1983). The defendant's principal argument is that § 591 and Rule 746, including the dismissal sanction for violation, are fully applicable to subsequent postponements even though an earlier order postponing the trial beyond the 180-day deadline was in compliance with the statute and rule. Consequently, according to the defendant, if the postponement of the November 18, 1981, trial date was in violation of § 591 and Rule 746, the dismissal sanction is applicable. The defendant contends that the postponement of the November 18th trial date violated the statute and the rule because there was insufficient cause for any postponement and insufficient cause for the length of the delay from November 18th to January 8th. As an apparent alternate argument, the defendant asserts that the postponement on October 27th also violated the statute and rule. The State, in addition to disputing the defendant's contentions, alternatively argues that the defendant's waiver on September 23, 1981, of § 591's and Rule 746's requirements "should . . . preclude review of any alleged violation of Rule 746." (State's brief, p. 7.)

We need not decide whether the postponement on October 27, 1981, complied with § 591 and Rule 746. If it be assumed arguendo that the October 27th postponement violated the statute and rule, either on the theory that the postponement was not effected by the administrative judge or his designee, or on the theory that good cause was lacking, the defendant could gain no advantage from such violation. As explained in *State v. Hicks,* 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979):

"A . . . circumstance where it is inappropriate to dismiss the criminal charges is where the defendant, either individually or by his attorney, *seeks or expressly consents*

to a trial date in violation of Rule 746. It would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation. In this respect, the situation is analogous to the well-established principle that a criminal defendant who seeks or expressly consents to a mistrial, even though the required 'manifest necessity' standard for the mistrial may have been absent, cannot take advantage of his own act and prevent a retrial on double jeopardy grounds." (285 Md. at 335, 403 A.2d 368, emphasis added.) *See State v. Frazier,* 298 Md. 422, 447 n. 17, 470 A.2d 1269, 1282 n. 17 (1984); *Goins v. State,* 293 Md. 97, 108, 442 A.2d 550 (1982). In the instant case, the defendant's attorney both sought the postponement which continued the case beyond the 180-day deadline and expressly consented to a new trial date which was 196 days after arraignment. The motion for a postponement on October 27th was made by the defendant's attorney; the State was prepared to go to trial on October 27.. Moreover, as the defendant's attorney stated to the court at the hearing on January 8, 1982, the November 18th trial date was an "agreed upon trial date." As the party who sought the October 27th postponement and agreed to the new trial date thereafter, the defendant may not challenge the propriety of the October 27th postponement.

■ Turning to the principal issue, we agree with the State and the Court of Special Appeals that, after a case has already been postponed beyond the 180-day period, either in accordance with § 591 and Rule 746, or upon the defendant's motion, or with the defendant's express consent, the dismissal sanction has no relevance to subsequent postponements of the trial date unless the defendant's constitutional speedy trial right has been denied. In *State v. Frazier, supra,* 298 Md. at 428, 470 A.2d 1269, we stated:

"In the *Hicks* opinion we indicated that every postponement of a circuit court criminal trial date was required to be granted by the administrative judge or his designee and only upon a showing of the requisite cause. 285 Md. at 316–318 [403 A.2d 356]. *See Guarnera v. State,* 20

Md.App. 562, 572–573, 318 A.2d 243, *cert. denied,* 272 Md. 742 (1974), cited and quoted with approval in *Hicks. See also Bethea v. State,* 26 Md.App. 398, 400–401, 338 A.2d 390 (1975). At the same time, we made it clear in *Hicks* that the purpose of § 591 and Rule 746 was to set a time limit for the trial of a criminal case, that the dismissal sanction was applicable when the case was not tried within that time limit and not postponed in accordance with § 591 and Rule 746, but that the dismissal sanction was inapplicable to violations of § 591 and Rule 746 which did not prevent the case from being tried within the prescribed time period. 285 Md. at 318, 320, 334, 335 [403 A.2d 356]. Thus, when there are several orders by the administrative judge postponing a criminal trial, and one of those orders has the effect of postponing the trial beyond the 180-day deadline, it is the latter order with which a judge hearing a motion to dismiss is concerned. The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days."

 Dismissal of a serious criminal case, on grounds unrelated to the defendant's guilt or innocence, is a drastic sanction. As the above-quoted language from *Frazier* indicates, the dismissal sanction for violating § 591 and Rule 746 should only be applied when it is needed, as a prophylactic measure, to further the purpose of trying a circuit court criminal case within 180 days. Once a postponement beyond the 180-day deadline is ordered in accordance with § 591 and Rule 746 (or upon the defendant's motion or with his express consent), it would not further this purpose to utilize the dismissal sanction for subsequent violations of the statute and rule. The sanctions for such subsequent violations must be ones of internal judicial administration, relating to circuit court personnel and/or procedures. *See State v. Hicks, supra,* 285 Md. at 335, 403 A.2d 368. The defendant, of course, remains protected by his federal and state constitutional rights to a speedy trial.

**42**

In light of our conclusion that dismissal was not appropriate even if the postponement of the November 18, 1981, trial date violated § 591 and Rule 746, it is unnecessary to consider the State's alternate contention that the defendant, on September 23, 1981, had waived all future violations of § 591 and Rule 746.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED WITH COSTS.

DAVIDSON, J., concurs in the result.