486 A.2d 813

**STATE of Maryland**

v.

**Herbert Franklin BROWN.**

**No. 596, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 16, 1985.

---

412

Philip Andrews, Asst. Atty. Gen., Stephen H. Sachs, Atty. Gen., Bernard A. Penner, Asst. Atty. Gen., Baltimore, Warren B. Duckett, State's Atty. for Anne Arundel County and Patrick J. Bell, Asst. State's Atty. for Anne Arundel County, Annapolis, for appellant.

Michael R. Braudes, Asst. Public Defender, and Alan H. Murrell, Public Defender, Baltimore, for appellee.

Submitted before WILNER, ADKINS and ALPERT, JJ.

ADKINS, Judge.

When the criminal charges against appellee Herbert Franklin Brown were finally called for trial almost a year after his first appearance, the Circuit Court for Anne Arundel County (Heise, J.) granted his motion to dismiss the indictment. The motion, so far as pertinent to this appeal, was grounded on the State's violation of former Md.Rule 746.[1] On appeal the State's principal contention is that appellee's *Hicks* waiver[2] should have insulated it from the sanction of dismissal that the court ultimately applied. We disagree and affirm the judgment below.

In its brief the State has provided a helpful chronology of the proceedings below. It is as follows:

| Date | Activity | Days Elapsed |
|---|---|---|
| 3/28/83 | Appellee's first appearance [on charges of manufacture of PCP and related offenses]. | 0 |
| 4/14/83 | Counsel enters appearance. | 18 |
| [unknown] | Trial scheduled for 7/18/83 | |
| 7/7/83 | 746 [*Hicks*] waiver. | 102 |
| 7/11/83 | First trial date postponed at appellee's request. | 105 |
| [Sometime prior to 8/13/83] | Trial rescheduled for 9/13/83. | |
| 9/13/83 | Second trial date postponed; appellee not transported [from jail]. | 169 |
| 9/23/83 | 180 day period over. | 180 |

---

1. The present version is Md.Rule 4–271(a). It does not differ in substance from former Rule 746, as construed, and provides:

    The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall not be later than 180 days after the earlier of these events. On notice of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

    *See also* Code, Art. 27, § 591. Because the cases we shall later cite refer to Rule 746, we shall do likewise in this opinion.

2. A *Hicks* waiver is a defendant's waiver of the prompt trial rights afforded by Rule 746 and § 581. Those rights were first explained, and the sanction of dismissal for their violation applied, in *State v. Hicks,* 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368 (1979).

| Date | Activity | Days Elapsed |
|------|----------|--------------|
| [Sometime prior to 1/11/84] | Trial rescheduled for 1/26/84 | |
| 1/26/84 | Third trial date postponed; appellee not transported. | 304 |
| [On or about 1/27/84] | Trial rescheduled for 3/15/84. | |
| 3/9/84 | Motion to dismiss filed. | 347 |
| 3/15/84 | Case called to trial; motion to dismiss granted. | 353 |

We shall supplement this chronicle with a few additional facts.

Appellee requested the July 11, 1983, postponement because his trial lawyer had a conflicting trial assignment. The *Hicks* waiver was filed in connection with that request. The waiver recited that appellee, "having been advised by counsel, of the right to a prompt disposition of this case, hereby waives the time requirements from appearance of Defendant before the Court ... to trial (180 days)." It further recited that counsel for appellee and for the State "have agreed to the continuance of the trial date of July 19, 1983...." It was signed by appellee and his lawyer. Trial was quite promptly rescheduled for September 13—still well within the critical 180-day period.

The State requested the September 13 postponement, which was granted by County Administrative Judge Bruce Williams. Although the proceedings before Judge Williams were not transcribed, the record indicates that appellee was not in court on that date. He had been released on bail, and had been notified to appear by notice sent to his home address in Baltimore. He never received that notice because, for reasons not disclosed by the record, he had been incarcerated in the Baltimore City jail on July 8. In any case, after the September 13 postponement, trial was rescheduled for January 26, 1984—304 days after appellee's initial appearance.

Despite the failure of the September trial notice to reach appellee, and despite the fact that sometime after July 6, 1983, (certainly by September), the State had been advised of appellee's incarceration, it made no attempt (so far as the

record appears) to try to locate him or to change its address records. A notice for appellee to appear at the January 26 trial was again mailed to his Baltimore home address. On January 19 this notice was returned with the notation "moved left no address." On January 26, the trial was again postponed because appellee had not been transported. The State, however, did not correct its computerized address records until February.

At the March 15 hearing Judge Heise concluded that the July 1983 *Hicks* waiver was "a nullity" because after the waiver a trial date had been set within the 180-day period. Recognizing that the September 13 postponement was the critical one, he found in effect, that the subsequent trial date or dates were not within an appropriate time or times from that postponement. He dismissed the indictment.

As we have noted, it is the State's view that once Rule 746 has been waived, "the 180 day requirement of Rule 746 never again applies." [3] Although it cites no authority to support this proposition, it contends that there are "substantial policy reasons to support this conclusion." It argues that a contrary holding would "produce insurmountable complications in the scheduling of trials" and would "give an unjustifiable tactical tool to defendants with which to confound the most sincere efforts to bring a case to trial promptly."

It is true that in *Hicks* the Court of Appeals said a Rule 746 dismissal would be inappropriate "where the defendant seeks or expressly consents to a trial date in violation of Rule 746." 285 Md. at 335. But that statement really does not address the question presented in this case. The question becomes whether appellee, by his July 1983, waiver, sought or expressly consented to a trial date more than 180 days after the date of his first appearance.

---

3. This same issue was raised but not decided in *Farinholt v. State*, 299 Md. 32, 39, 42, 472 A.2d 452 (1984).

Under Rule 746 jurisprudence the critical postponement date is the one that has the effect of continuing a trial beyond the 180-day limit. If that postponement is properly granted under the rule "there is no reason why the rule must continue to apply." *State v. Farinholt,* 54 Md.App. 124, 132, 458 A.2d 442 (1983), *aff'd. Farinholt v. State, supra. State v. Frazier,* 298 Md. 422, 428, 470 A.2d 1269 (1984).

A waiver of Rule 746 may sometimes have the effect of postponing a trial past the 180 days. A waiver may expressly waive any right to prompt trial under Rule 746. In *Farinholt,* for example, the waiver was of "our right to trial within 180 days under the *Hicks* decision [and of] *our right to speedy trial in the interim period, as long as it takes to set the case back in."* 299 Md. at 35, 472 A.2d 452 [emphasis supplied]. Farinholt's waiver was made despite his lawyer's serious doubts "that the case will be able to be set within 180 days." 299 Md. at 36, 472 A.2d 452. None of those circumstances is presented in the present case.

While appellee's waiver did speak in terms of waiving the 180-day time requirements, it is clear that the effect of it was only to provide "a continuance of the trial date of July 19, 1983...." "When a defendant's attorney on February 6 seeks a postponement of a March 11 trial date because of a scheduling conflict on that day it is not reasonable to infer that he is seeking a trial date beyond June 2 [the 180th day] absent any evidence in the record supporting such an inference." *Pennington v. State,* 299 Md. 23, 29, 472 A.2d 447 (1984). In the case *sub judice,* trial was rescheduled for September 13, the 169th day. The postponement that occurred on that date was not on the ground of the earlier waiver but, according to the docket, because appellee was "not transported." At this juncture it appears that everyone treated the waiver as no longer in effect because a trial date had been set within the critical period. We hold that they were right in doing so. After the trial date had been reset within the 180-day limit the waiver was no longer effective. Nor do we understand why treating the waiver

in this fashion poses "insurmountable complications in scheduling trials" or offers any "unjustifiable tactical tool to defendants...." Proper docket control on the part of the State and the court and attention to the necessary administrative details of trial management (such as keeping track of the defendant's whereabouts) will obviate both of these concerns.

It was not the waiver, but Judge Williams's action on September 13, that caused the trial to be postponed beyond the 180-day period. *Farinholt* and *Frazier, supra.* Because we have no record of what took place before Judge Williams on September 13, it is difficult to decide whether good cause was shown to support the State's request for a continuance. Nevertheless, we do know that appellee was not in court and it appears that his absence was involuntary. Generally a defendant cannot be tried *in absentia*, at least when his absence is not voluntary. *Williams v. State*, 292 Md. 201, 211, 438 A.2d 1301 (1981). *And see Frazier, supra*, 298 Md. at 463, 470 A.2d 1269 (absence of defendant due to mistake by Division of Corrections may constitute good cause for postponement). In any case, the administrative judge's ruling on a postponement request is accorded great deference. *Frazier*, 298 Md. at 450, 470 A.2d 1269. Such a ruling is "traditionally ... viewed as a discretionary matter, rarely subject to reversal upon review." *Id.* at 451, 470 A.2d 1269. Keeping in mind that trial judges are presumed to know the law and to apply it properly, *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984), we are not persuaded that Judge Williams was clearly erroneous when he granted the September 13 postponement.

That being so, the January 26, 1984, postponement was no longer governed by Rule 746. Whether it was supported by good cause or granted by the county administrative judge is not pertinent. *Farinholt, supra.* What is pertinent is the delay between the September 13, 1983, postponement and the ultimate trial date of March 15, 1984—itself a period of over 180 days.

When a case is properly postponed beyond the 180-day limit under Rule 746 "there is a violation of § 591 and Rule 746 only if it is demonstrated that the change of trial date, or the period of time until a new trial date, represented a clear abuse of discretion." *Frazier*, 298 Md. at 462, 470 A.2d 1269. "There may arise cases in which the inordinate length of the time until the new trial date will itself be prima facie evidence of undue delay, shifting the burden to the State to show justification." *Id.* This is such a case.

In *Pennington v. State, supra,* there was a delay of 168 days from the postponement order until the new trial date. The Court of Appeals held that "this was sufficiently long to place the burden upon the State to offer some evidence, both in terms of what happened in the instant case as well as the nature of the criminal schedule system in Harford County." 299 Md. at 30, 472 A.2d 452.

As both *Pennington* and *Frazier* make clear, the State may meet its burden by showing that such matters as crowded dockets, unavailability of judges, or lack of court-rooms justify the length of delay. No such showing was made or attempted here. In fact a trial was scheduled for January 26, suggesting that the judicial workload in Anne Arundel County did not preclude a trial then. That trial, as we have seen, was postponed, not because of congested dockets or any similar reason, but because appellee had again not been "transported."

█ On the March 15 trial date the sole reason given for the delay was that the State had failed to update its records to reflect appellee's whereabouts, although it had had the information as to his incarceration since at least the preceding September. Under the *Pennington/Frazier* rulings, this is insufficient as an explanation of an "undue delay" considerably longer than that in *Pennington.* When, as here, the State has failed to meet its burden in that respect, the dismissal sanction is appropriate "as a prophylactic

measure, to further the" important public purpose implicit in Rule 746. *Farinholt*, 299 Md. at 41, 472 A.2d 452.[4]

Judge Heise did not abuse his discretion when he dismissed the indictment.

JUDGMENT AFFIRMED. ANNE ARUNDEL COUNTY TO PAY THE COSTS.

---

**4.** Our decision is not based on a constitutional speedy trial analysis in which reasons for delay are determined and then weighed against the party responsible for the delay. *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). Such an analysis is not appropriate under Rule 746. *Goins v. State,* 293 Md. 97, 106–109, 442 A.2d 550 (1982). Although appellee's motion to dismiss included a claim of denial of his constitutional speedy trial rights, we need not and do not decide that issue. We hold only that under the circumstances of this case the State failed to meet its burden of justifying the length of the "undue delay" from September 13, 1983, to March 15, 1984.