*State of Maryland v. Niran Marquise Henry*, et al., Nos. 1499, 1500, 1501, September Term, 2021. Opinion by Nazarian, J.

**CRIMINAL LAW – TIME OF TRIAL – CONSENT TO OR WAIVER OF DELAY**

Dismissal of indictment was not an appropriate sanction for a violation of the rule requiring that defendants be brought to trial within 180 days after first appearance of counsel where an individual defendant consented expressly to a trial date one day beyond the 180-day period even though they were not actually aware that the date agreed to was beyond the 180-day period.

**CRIMINAL LAW – TIME OF TRIAL – CONSENT TO OR WAIVER OF DELAY**

Dismissal of indictment was an appropriate sanction for a violation of the rule requiring that defendants be brought to trial within 180 days after first appearance of counsel where the defendant was present at the scheduling conference, rejected proposed trial dates that fell before the 180-day deadline, and acquiesced silently when the court set the trial date that fell one day beyond the 180-day period; the rule requires express consent to go beyond the 180-day period, not implied or tacit consent.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

_____

No. 1499
September Term, 2021

STATE OF MARYLAND
v.
NIRAN MARQUISE HENRY

_____

No. 1500
September Term, 2021

STATE OF MARYLAND
v.
LATEEKQUA JACKSON

_____

No. 1501
September Term, 2021

STATE OF MARYLAND
v.
GARRICK L. POWELL, JR.

_____

Nazarian,
Leahy,
Battaglia, Lynne A.
 (Senior Judge, Specially Assigned),
JJ.

_____

Opinion by Nazarian, J.

_____

Filed:  October 25, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

* Ripken, Laura S., J., did not participate in the Court's decision to designate this opinion for publication pursuant to Maryland Rule 8-605.1.

Niran Marquise Henry, Lateekqua Jackson, and Garrick L. Powell, Jr., were charged with related criminal offenses and consented to consolidate their trials. Their joint trial in the Circuit Court for Anne Arundel County was scheduled for October 26, 2021, one day past the 180-day *Hicks*[1] deadline. At the time the date was set, the parties, their attorneys, and the court all were unaware of the precise *Hicks* date due to COVID-19 shutdowns and confusion over whether the *Hicks* date was tolled.[2] Moreover, coordinating the schedules of multiple attorneys and co-defendants made finding an agreeable trial date difficult.

At the status conference to set the trial date, one co-defendant agreed to the date expressly while a second stayed silent. The third co-defendant appeared later in the day and was informed of the date the others had chosen. Later, on the appointed trial date itself, all parties appeared. But when the State moved to postpone for good cause, the co-defendants moved to dismiss the indictments for failure to comply with the *Hicks* rule.

At a hearing after written briefing on the issue, the court granted the motions and dismissed the indictments with prejudice. The State noted this appeal, arguing that the co-defendants consented expressly to the trial date. We hold that on this record, Mr. Henry and Ms. Jackson consented to the trial date expressly and we reverse the trial court's

---

[1] *State v. Hicks*, 285 Md. 310, *on motion for reconsideration*, 285 Md. 334 (1979) (per curiam), which mandates dismissal for violations of Maryland Code (2001, 2018 Repl. Vol.), § 6-103(a) of the Criminal Procedure Article ("CP") and Maryland Rule 4-271 requiring criminal defendants to be brought to trial within 180 days.

[2] *See* Final Administrative Order on Jury Trials and Grand Juries During the COVID-19 Emergency, (Md. Ct. App. Mar. 28, 2022), available at https://mdcourts.gov/sites/defau lt/files/admin-orders/20220328finalonjurytrialsandgrandjuriesduringthecovid19emerg ency.pdf (last visited Oct. 20, 2022), *archived at* https://perma.cc/89TQ-G7QP.

dismissal of their indictments and remand for further proceedings consistent with this opinion. The record does not support a finding that Mr. Powell sought or consented to the trial date expressly, though, and we affirm the dismissal of his indictment.

## I.       BACKGROUND

On February 3, 2021, Mr. Henry, Ms. Jackson, and Mr. Powell were occupants of a car that was searched by police. The search allegedly recovered drugs, cash, and firearms. The State indicted all three for related offenses on March 12, 2021. Six days later, the State moved to consolidate all three cases.

Counsel for each defendant entered appearances in April 2021. Criminal jury trials were suspended through April 23, 2021, and, by administrative order, the resumption date for days counting toward *Hicks* was Monday, April 26, 2021. *See* Final Administrative Order on Jury Trials and Grand Juries During the COVID-19 Emergency (Md. Ct. App. Mar. 28, 2022). Everyone agrees that the 180-day *Hicks* deadline for this case was Monday, October 25, 2021.[3]

On June 4, 2021, counsel for Mr. Powell and Mr. Henry appeared for a status conference.[4] At this conference, a scheduling judge set the trial date for October 26.

---

[3] There is discussion in the record of Mr. Powell's *Hicks* date being October 23, 2021, but that date fell on a Saturday, so the *Hicks* date for all three co-defendants was Monday, October 25, 2021. *See Miller v. State*, 53 Md. App. 1, 4 (1982) (this Court makes its own computation of the *Hicks* date).

[4] Mr. Henry was present. Mr. Powell appeared remotely via conference call.

Counsel for Mr. Henry agreed to the specific date; Mr. Powell's counsel seemed to accept

it silently:

> THE COURT: [W]hat about a trial?
>
> [PROSECUTOR]: Somewhere after October 4th; that's agreeable for everybody.
>
> THE COURT: All right.
>
> [MR. POWELL'S COUNSEL]: So, somewhere in October.
>
> * * *
>
> THE COURT: Okay. And then with regard to the trial, we're looking after October 4th. You have a particular date in mind, attorneys?
>
> [PROSECUTOR]: Fourteenth; 19th; 21st; if those are good.
>
> [MR. POWELL'S COUNSEL]: I'm already in a three-day trial on the 19th.
>
> [PROSECUTOR]: Okay.
>
> [MR. POWELL'S COUNSEL]: Three-day trial, yeah.
>
> [PROSECUTOR]: Twenty sixth; 28th?
>
> [MR. HENRY'S COUNSEL]: Starting on the 26th; that's fine, Judge.
>
> [PROSECUTOR]: That's acceptable.
>
> * * *
>
> THE COURT: Yeah. Okay, so, October 26th for trial. So, Mr. Henry and Mr. Powell, that's your second date, but obviously you have a lot to discuss with counsel before that. . . .

The hearing concluded with no further discussion of the trial date.

Less than thirty minutes later, Ms. Jackson's counsel appeared for a status

conference in her client's absence. Ms. Jackson had an outstanding bench warrant, and that

3

gave rise to a discussion about whether a trial date could be set in her case, but the court

eventually scheduled her trial for the same date:

> [PROSECUTOR]: And can we preliminary—because this is with the other two co-defendants, could we set this in and then deal with things as they come[?]
>
> * * *
>
> [MS. JACKSON'S COUNSEL]: I think we can schedule.
>
> COURT CLERK: I don't see why we can't.
>
> [MS. JACKSON'S COUNSEL]: Yeah.
>
> THE COURT: Okay. All right.
>
> [PROSECUTOR]: I'd just like to schedule it—
>
> COURT CLERK: That's your call.
>
> [MS. JACKSON'S COUNSEL]: You can blame me, Judge, if—
>
> THE COURT: I'll blame [defense counsel]; she's really—
>
> [MS. JACKSON'S COUNSEL]: —if they say it's not allowed.
>
> THE COURT: She has screwed this up irreparably, and—
>
> [PROSECUTOR]: Right before she leaves the case.
>
> [MS. JACKSON'S COUNSEL]: Exactly.
>
> THE COURT: Okay. So, let's do it. What—what day did we set the other one?
>
> [PROSECUTOR]: It was August 10th motion, and October 26th, trial.
>
> THE COURT: So, there was two—
>
> [MS. JACKSON'S COUNSEL]: And it won't be me for trial, Your Honor, but I'll make sure—
>
> THE COURT: Okay. Well, we'll set those in the same dates . . . .
>
> * * *
>
> THE COURT: All right. And do—do let [Ms. Jackson] know, if you hear from her today, that it's in her interest to get here before 4:30.

4

[MS. JACKSON'S COUNSEL]: I certainly will.

Later that afternoon, Ms. Jackson appeared in person before the same scheduling judge and informed the court that she missed the earlier hearing due to traffic. At that point, another attorney filled in for Ms. Jackson's counsel who, reading counsel's notes, stated that Ms. Jackson's counsel "indicated that she will have a conversation with Ms. Jackson, but that a motions date has already been settled for August 10th, and a trial date for October." The court asked Ms. Jackson, "[D]id you get the dates that were just put on the record of when you're due back?" Ms. Jackson responded, "Yes. Yes, sir," and read the dates back to the court:

> THE COURT: What's your August date?
>
> * * *
>
> MS. JACKSON: August the 10th, and—
>
> THE COURT: Okay.
>
> MS. JACKSON:—the other one was October the 20 something—I looked on Case Search.
>
> COURT CLERK: Twenty sixth.
>
> THE COURT: Twenty sixth.
>
> MS. JACKSON: Twenty sixth, okay.

Neither the court nor the parties was aware that the trial date went past the 180-day *Hicks* deadline at the time of scheduling, and the court didn't make any findings of good cause or waiver.[5]

---

[5] The Criminal Hearing Sheets completed by the scheduling judge contain two boxes related to *Hicks*: "Court Found Good Cause to go beyond" and "Defendant Waived." Neither box is checked.

On October 26, 2021, the trial date, all three co-defendants appeared for trial before the scheduling judge. The State then requested a postponement for good cause (the lead police officer conducting the search of the vehicle was ill), and at that point the court inquired about the *Hicks* date for the first time. Mr. Powell's counsel stated that the *Hicks* date had passed and that he "would be moving to dismiss the case." The State responded that "[a]s of yesterday afternoon, everyone, I believe, was ready to go to trial," and that "this was an agreed upon trial date," and requested written briefing on the motion. The court set a briefing schedule and postponed the trial until November 18, 2021.

In his written motion, Mr. Powell argued that the State has the duty to bring a defendant to trial within 180 days, the time limit is mandatory, and thus "the only appropriate sanction for the State's failure to have the matter tried within the 180 time frame and/or seek good cause from the Administrative Judge is dismissal of the charges." Ms. Jackson argued similarly that because "[t]here was no consideration of *Hicks* at all," dismissal is mandatory under Rule 4-271. The State's response to these two motions cited *Jules v. State*, 171 Md. App. 458, 475 (2006), and argued that "[t]he sanction of dismissal is unavailable to a defendant who either, individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule 4-271."

On November 16, 2021, Ms. Jackson and Mr. Powell appeared before a motions judge on their motions to dismiss. Mr. Powell asserted that "[n]obody knew when *Hicks* was" and that "legal waiver" requires "knowledge of when the actual date is":

> COVID was happening, and a lot of things were going on. The status conference, as a matter, happened on June 4th of 2021, and there was still some issues as to how the dates were going

to be calculated for Hicks. Nobody knew when Hicks was, and we—we agreed to have a trial date set on . . . October 26th of 2021, come to find out, that was three days after the Hicks date. . . .

. . . I believe that the proper remedy in this matter—and the State had—it was their responsibility to find out when Hicks was. They should've been looking at these files, and said, "Oh god, this—this trial date was after Hicks, let's ask for a hearing, and get a good cause hearing on that." I know the State is going to say, "Hey, well, he waived it, you know, by consenting to the date after the date." But, unfortunately, in order to have a legal waiver, you had to have knowledge of when the actual date is.

So, in June of 2021, nobody knew when the actual Hicks date was, and they did nothing. They sat on their hands until we brought it up on the trial date. I'll submit, Your Honor.

THE COURT: Okay. I was not privy—I was not present, and I looked back, and I'm not mentioning anyone's name, but I saw who handled the conference and who set this in. Was there any discussion on the record with that Judge, related to Hicks?

[MR. POWELL'S COUNSEL]: No, Your Honor.

[PROSECUTOR]: No.

THE COURT: Okay. Both sides agree, no.

[PROSECUTOR]: Correct.

The State did not dispute that the trial date exceeded the 180-day deadline, but argued that "the trial date, in this case, was agreed upon by all the parties" and that the "defense cannot then go ask for a dismissal based off a trial date they agreed to."

The court granted both motions to dismiss:

All right. . . . I'm sorry, I disagree with the State's position on this one. I mean, I'd hate to lose a case like this. I have a proffer from counsel that he was not aware of the Hicks date. As everyone has pointed out, it's the State's—State's responsibility to bring cases to trial within the Hicks date. There does not appear to have been any discussion whatsoever

7

> before the Judge who handled the—I believe it was a status conference, related to Hicks.
>
> I don't believe simply saying okay to a trial date amounts to an express waiver. It certainly is not a knowing and voluntarily [sic] waiver. There's nothing on the record. There was no appearance before the Administrative Judge, or his designee, the designee would've been me. And, unfortunately, it's a case—or two cases that fell through the cracks.
>
> But . . . I think the statute and the case law is clear that the outcome should be dismissal. And, in fact, I am going to dismiss both cases because of the Hicks violations.

On November 17, 2021, Mr. Henry filed his "Motion to Adopt Co-Counsel's Motions and Motion to Dismiss Indictment Pursuant to Maryland Rule 4-271." The State again didn't dispute that the trial date fell beyond the *Hicks* date, but argued that dismissal was inappropriate because Mr. Henry's counsel had agreed to the October 26 trial date, and this time cited *State v. Lattisaw*, 48 Md. App. 20, 28–29 (1981), for its holding that a defendant may "expressly consent" to a date outside the *Hicks* rule even if they are "unaware that the date to which they agree is, in fact, beyond the 180-day period."

At the hearing on November 18, 2021, Mr. Henry appeared before the scheduling judge, and both parties agreed that if the court granted Mr. Henry's motion, he should "incorporate" the motions judge's rationale. The court seemed reluctant, but granted Mr. Henry's motion so that all three cases would be "handled in like fashion":

> The Court feels, in this context, that it has an obligation to ensure equality and comity among defendants, as much as—I don't necessarily—how do I say this? As much as that doesn't flow naturally for this Court, the—the temptation is to—to jump . . . substantively right into the Hicks issue, and my interpretation of those cases. But that, I think, is—is not appropriate, in light of what is, essentially, the law of the case, at this point, albeit, it comes from a—one of my colleagues.

8

And, so, for those reasons, I feel that it's important to grant the State's request to incorporate, by reference, 100 percent of the arguments they made on paper, both in this case, the Henry case, and the Powell case, even though I understand that it's, essentially, very similar, but also arguments he made . . . Tuesday, on the record. And I'm granting defendant's motion . . . for the reasons given by Judge Wachs, and incorporating those reasons, by reference, 100 percent. So, they apply equally to Mr. Henry's case, . . . my colleague's interpretation . . . of the Hicks rule, and the application of it to the facts of these individuals. And, for those reasons, I'm granting the defendant's motion, I think, which allows all three defendants to be handled in like fashion, going forward.

The State timely appealed.

## II.    DISCUSSION

The State presents one question for review in each of these separate appeals, which we re-word to apply to all three co-defendants: did the motions court err in dismissing each indictment as a violation of the *Hicks* rule?[6] "Normally, we review a trial court's decision on a motion to dismiss an indictment for abuse of discretion." *Kimble v. State*, 242 Md. App. 73, 78 (2019) (*citing State v. Lee*, 178 Md. App. 478, 484 (2008)). But where "the trial court's decision involves an interpretation and application of Maryland constitutional, statutory or case law, we must determine whether the trial court's conclusions are legally correct under a *de novo* standard of review." *Id.* (cleaned up).

---

[6] Mr. Henry phrased the Question Presented as "[d]id the circuit court correctly dismiss Henry's case for a *Hicks* violation?" Ms. Jackson's brief stated the Question Presented as "[d]id the trial court err in granting Ms. Jackson's motion to dismiss?" Mr. Powell's Question Presented is "[d]id the motions court abuse its discretion by granting Appellee's motion to dismiss because the scheduled trial date violated *Hicks*?"

9

**A. Dismissal Is Not Appropriate When A Defendant Seeks Or Expressly Consents To A Trial Date That Violates *Hicks*, Even If They're Unaware That Date In Fact Falls Beyond The 180-Day Period.**

Under what is commonly referred to as the "*Hicks* rule," a criminal defendant, both by rule and statute, must be brought to trial within the earlier of 180 days after counsel's appearance or the defendant's first appearance before the circuit court. CP § 6-103;[7] Md. Rule 4-271.[8] Once a trial date has been set, it may be postponed only "for good cause shown." CP § 6-103(b)(1), (2). COVID-19 affected these cases—criminal jury trials were suspended from November 16, 2020 through April 23, 2021, so the calculation of the *Hicks*

---

[7] Section 6-103 provides:

> (a) *Requirements for setting date.* — (1) The date for trial of a criminal matter in the circuit court shall be set within 30 days after the earlier of:
>
>> (i) the appearance of counsel; or
>>
>> (ii) the first appearance of the defendant before the circuit court, as provided in the Maryland Rules.
>
> (2) The trial date may not be later than 180 days after the earlier of those events.
>
> (b) *Change of date.* — (1) For good cause shown, the county administrative judge or a designee of the judge may grant a change of the trial date in a circuit court:
>
>> (i) on motion of a party; or
>>
>> (ii) on the initiative of the circuit court.
>
> (2) If a circuit court trial date is changed under paragraph (1) of this subsection, any subsequent changes of the trial date may only be made by the county administrative judge or that judge's designee for good cause shown.

[8] Rule 4-271 provides, in pertinent part, that "[t]he date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4-213, and shall be not later than 180 days after the earlier of those events."

date in this case was tolled at first and resumed on Monday, April 26, 2021. *See* Final Administrative Order on Jury Trials and Grand Juries During the COVID-19 Emergency (Md. Ct. App. Mar. 28, 2022), at ¶¶ (b), (f)–(g).

In the seminal case of *State v. Hicks*, 285 Md. 310, *on motion for reconsideration*, 285 Md. 334, 335 (1979), the Court of Appeals held that the sanction for failure to bring a defendant to trial by the statutory deadline is dismissal of the indictment with prejudice. The rule is "mandatory, and . . . dismissal is ordinarily the appropriate sanction for violation of that requirement." *Id.* The sanction, according to the Court, "put teeth" into the legislative policy for bringing criminal cases to trial in a timely fashion. *Id.* at 318. But the Court clarified that dismissal is not proper "where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date" outside of the time period. *Id.* at 335. This isn't because the defendant waives the requirements of the rule, but because it would be "entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation." *Id.*

This appeal, then, turns on what it means for a defendant to "seek[] or expressly consent[] to a trial date" that avoids the sanction of dismissal. *Id.* The motions court here construed the law to require each co-defendant to make an "express waiver" with knowledge of the *Hicks* date, stating, "I don't believe simply saying okay to a trial date amounts to an express waiver." But that's not precisely the rule, as we held in *State v. Lattisaw*, 48 Md. App. at 28, decided shortly after *Hicks*.

In *Lattisaw*, we held that defense counsel's agreement to a trial date beyond the 180-day deadline qualifies as express consent even if counsel doesn't "understand that the

11

date he consents to is outside the 180-day period." *Id.* at 28. In that case, trial had been set in a two-defendant case for a date just after the 180-day deadline expired. *Id.* at 22. When all the parties appeared for trial, the court "gratuitously observed that more than 180 days had elapsed since the first appearance of counsel . . . ." *Id.* The next day, the co-defendants moved to dismiss the indictments on the basis of *Hicks*. *Id.*

After hearing argument on the defense motion to dismiss, the trial court took testimony. The supervisor of the criminal assignment office "explained the difficulty in multi-defendant cases in getting an acceptable trial date." *Id.* at 23. She "indicated that the earliest trial date agreeable to both remaining defense counsel was [after the *Hicks* deadline passed], and, as a result, that was the date she picked. She did not advise counsel that [it] was beyond the 180-day period, although she probably knew that it was so." *Id.* at 24. Furthermore, "[a]t no time did either appellee (or counsel) object to the . . . date, before or after it was set. The evidence showed that the State was prepared to try the cases within the 180-day period. The problem was solely one of obtaining a date agreeable to defense counsel." *Id.* at 25.

Both co-defendants' counsel conceded that they had agreed to the date that violated the rule. Mr. Lattisaw's counsel "conceded that she had agreed" to the date, "but claimed that she was unaware at the time that the 180-day period would expire before then." *Id.* Her testimony was that when she was contacted by the assignment office, she "returned the call" and "agreed to the [trial] date[.]" *Id.* Counsel for Mr. Keeling, on the other hand, "conceded that he never thought to calculate whether there was a problem" under *Hicks*, *id.* at 26, but when asked, "What does your calendar look like?" he stated, "Fine, set it in."

12

*Id.* The attorneys argued that they couldn't give "effective consent" because they "were unaware that the period would expire before" the chosen trial date. *Id.* at 27.

In holding that dismissal was not an appropriate sanction, this Court explained that "the Rule was not intended solely to confer new rights upon defendants, but also to hold their feet to the fire." *Id.* "The problem (or part of the problem) is often picking a date suitable to the defense; and that problem obviously increases in complexity when there are multiple defendants." *Id.* We held that the language "expressly consents" in *Hicks* does not require "that the consenter understand that the date he consents to is outside the 180-day period." *Id.* at 28. "Defense counsel presumably can count to 180 as well as prosecutors; they know when they entered their appearances—when the clock began to tick—and they can figure out when the time under the Rule expires." *Id.* "Indeed, it seems apparent that [defense counsel] had no problem with that date until he was apprised by [the court] that the 180 days had already lapsed." *Id.* at 28 n.2.

Even without agreement to a date certain, the Court of Appeals stated in *Hicks* that dismissal is inappropriate when the court finds a defendant "seeks" a trial date beyond the 180 days. 285 Md. at 335. These cases typically involve defense requests for postponements without knowledge of the new trial date. *Pennington v. State*, 299 Md. 23, 28–29 (1984) ("We would agree that when a defendant or his attorney, in the latter portion of the 180-day period, seeks the postponement of a previously assigned trial date, and the newly assigned trial date is beyond 180 days, it could reasonably be concluded that such defendant has sought a trial date in violation of the rule."). Whether a defendant "seeks" a trial date beyond *Hicks* is a factual determination decided on a case-by-case basis. *Dorsey*

*v. State*, 349 Md. 688, 707 (1998) ("whether a defendant is seeking a trial date beyond the 180-day limit" is an inquiry "informed by the facts and circumstances"). In *Dorsey v. State*, for example, the defendant's voluntary failure to appear for trial "was tantamount to seeking a trial date in violation of [the *Hicks* rule]." 349 Md. at 709.

Notwithstanding these narrow exceptions, it remains the State's obligation to bring criminal defendants to trial within 180 days. *Id.* at 702 ("The obligation of bringing a criminal defendant to trial within the prescribed period, it is well settled, is not the defendant's, but the State's."). And if the State fails to meet this obligation, it remains the State's burden to show that one of the three exceptions applies: (1) the defendant *sought* a trial date in violation of the *Hicks* rule; (2) the defendant gave *express consent* to a trial date in violation of the *Hicks* rule; or (3) the State made a record of "good cause shown" and persuaded the court to extend the trial past the *Hicks* date under CP § 6-103(b)(1)(i).

In this case, there was discussion of an actual, certain trial date but no knowledge by the parties that the date violated *Hicks*. The sole potential *Hicks* exception, then, is whether the co-defendants consented to the trial date expressly.

### B. Mr. Henry And Ms. Jackson Consented To The Trial Date, But Mr. Powell Didn't.

In deciding the morning-of-trial motions to dismiss, the motions court followed the principle that "simply saying okay" to a trial date does not "amount[] to an express waiver." *Lattisaw* holds otherwise—it's enough for the defendant to agree to a date, whether or not they know it falls after the *Hicks* deadline. *See* 48 Md. App. at 29 (distinguishing "expressly consents" from waiver and holding that the statement, "Fine, set it in" was express consent

14

to a trial date, even where the speaker had no knowledge that the date was past the 180-day *Hicks* deadline). Put another way, a defendant can waive compliance with the *Hicks* deadline by consenting expressly to a specific trial date but need not consent expressly to waiving *Hicks*.

The State concedes that the October 26 trial date violated the *Hicks* rule and that nobody realized at the time the date was chosen that the date fell outside of the rule. Our task from here, then, is to consider whether the record supports a finding of express consent to the October 26 trial date by each co-defendant.

### 1.    *Mr. Henry consented expressly to the October 26 trial date.*

Mr. Henry's appeal is the most straightforward to resolve. When the October 26 date was chosen, his counsel stated, in so many words, that "[s]tarting on the 26th; that's fine, Judge." This is indistinguishable from the express consent given by the defendant's counsel in *Lattisaw*. 48 Md. App. at 26 ("Fine, set it in."). Mr. Henry concedes that counsel agreed to the date outside the 180-day period expressly, but asks us to overrule *Lattisaw* and require the State to show a knowing and voluntary waiver.

The doctrine of *stare decisis* recognizes that "precedent should not be lightly set aside." *State v. Frazier*, 469 Md. 627, 651 (2020). The narrow exceptions to the doctrine are when "(1) the prior decision is 'clearly wrong and contrary to established principles' or (2) the precedent has been 'superseded by significant changes in the law.'" *Id.* at 652 (*quoting State v. Waine*, 444 Md. 692, 700 (2015)). We agree with the State that neither exception applies here.

In *Lattisaw*, we rejected the exact position Mr. Henry presses here, *i.e.*, that we require that a defendant "understand[s] that the date he consents to is outside the 180-day period." 48 Md. App. at 28. *Lattisaw* flows from the altogether reasonable principle that defendants should not be able to gain advantage through an agreement with prosecutors and the court:

> Nor does it detract in the least from the reality of their consent to a particular trial date, or from the "expressness" of it, that they may be unaware that the date to which they agree is, in fact, beyond the 180-day period. To require dismissal of an indictment in such a case would be tantamount to doing precisely what the Court said was inappropriate[,] permitting "the defendant to gain advantage from a violation of the rule when he [(through counsel)] was a party to that violation."

*Id.* at 29 (quoting *Hicks*, 285 Md. at 335). *Lattisaw* circled back to *Hicks*, where the Court of Appeals articulated further the reasoning behind the "express consent" exception:

> [I]t is inappropriate to dismiss the criminal charges . . . where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule [4-271]. It would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.

285 Md. at 335.

Another consideration counseling against overruling *Lattisaw* is that the Court of Appeals has recently, and at length, reiterated the public policies underlying the *Hicks* rule. In *Tunnell v. State*, 466 Md. 565, 584–88 (2020), the Court explained that the *Hicks* rule is

grounded not only in facilitating the prompt disposition of criminal cases, but also the

public interest in resolving criminal cases on the merits:

> At first glance, some of these developments appear at odds with the underlying policy recognized in *Hicks* of ensuring the public interest in the "prompt disposition of criminal cases." For example, if this is the policy at stake—as opposed to the defendant's constitutional right to a speedy trial—why is a defendant alone able to waive the deadline and thereby waive the *public* interest in prompt disposition of a criminal case? Similarly, allowing general court congestion to be "good cause" for extending a trial date beyond the Hicks date would appear to bow to the cause of delays in the criminal justice system rather than eliminate them.

> The answer appears to be that there is more than one public policy in play here. The dismissal sanction that the Court has read into the statute and rule must also take account of the public interest in the disposition of criminal cases *on the merits*—whether acquittal or conviction. In holding that dismissal of charges was not appropriate under the Hicks rule in *Farinholt v. State*, 299 Md. 32, 41, 472 A.2d 452 (1984), this Court explained that "[d]ismissal of a serious criminal case, on grounds unrelated to the defendant's guilt or innocence, is a drastic sanction" to be used "only . . . when . . . needed" to further the goal of judicial efficiency. A criminal justice system can only call itself a *justice* system if cases are generally decided on their merits. The Hicks rule is not simply a mechanism for efficiently clearing dockets in a statistical sense.

> In this light, it makes sense that a defendant may consent to a trial beyond the Hicks date, as the defendant is the individual with the most at stake in the disposition of the charges on the merits. The blanket lengthening of the deadline from 120 days to 180 days for trial and the liberalizing of the grounds for a postponement without risk of dismissal recognized a need to allow a case to be decided on the merits after the deadline, if there was a good reason for doing so. Thus, while the speedy trial requirement of the Hicks rule is a mandate that must be complied with at the risk of jeopardizing the prosecution, it is a mandate that must be carried out in a common sense way.

17

*Id.* at 587–88 (footnotes omitted). This Court's holding in *Lattisaw* that defendants can waive compliance with *Hicks* by agreeing to a post-*Hicks* trial date remains consistent with the dual policies of bringing cases speedily and efficiently to trial and, whenever possible, resolving them on the merits. We reverse the trial court's dismissal of Mr. Henry's indictment because the record reveals that he consented expressly to the October 26 trial date.

### 2. *Ms. Jackson consented expressly to the October 26 trial date.*

We turn next to Ms. Jackson. Her counsel denies agreeing to the October 26 trial date at all, and that sets her apart from both attorneys in *Lattisaw*. The State asserts that "[t]he critical event under *Hicks* is the one that has 'the effect of postponing the trial beyond the 180-day deadline'" (*quoting State v. Brown*, 355 Md. 89, 98 (1999)), and the parties focused exclusively on what Ms. Jackson's counsel said at the time the trial date was set in her case. *Brown* and its precedent, *State v. Frazier*, 298 Md. 422, 428 (1984), however, examined which postponement order (of many) was the "critical order" for considering whether there was good cause for postponement. Here, the trial date didn't arise via postponement, nor did the court make a good cause finding, so our analysis isn't confined to what counsel did or said when the trial date was selected.

Nor do we need to rely solely on whether Ms. Jackson's counsel's statement ("it won't be me for trial, judge, but I'll make sure . . .") meets the definition of "seeks or

18

expressly consents" to a trial date outside of *Hicks* because the scheduling court obtained

Ms. Jackson's express consent on the record later in the same day:

> THE COURT: What's your August date?
>
> * * *
>
> MS. JACKSON: August the 10th, and—
>
> THE COURT: Okay.
>
> MS. JACKSON:—the other one was October the 20 something—I looked on Case Search.
>
> COURT CLERK: Twenty sixth.
>
> THE COURT: Twenty sixth.
>
> MS. JACKSON: Twenty sixth, okay.

A defendant, individually, can consent expressly to a trial date: "it is inappropriate

to dismiss the criminal charges . . . where the defendant*, either individually or by his*

*attorney*, seeks or expressly consents to a trial date in violation of [the *Hicks* rule]." *Hicks*,

285 Md. at 335 (emphasis added). Ms. Jackson's statement ("Twenty sixth, okay")

expresses the same degree of consent to the October 26 trial date as Mr. Henry's counsel's

statement ("that's fine, Judge") and Mr. Lattisaw's counsel's statement ("Fine, set it in")

did. And as "the defendant is the individual with the most at stake in the disposition of the

charges on the merits," *Tunnell*, 466 Md. at 588, Ms. Jackson's consent to the October 26

trial date was both express and effective. We reverse the trial court's dismissal of Ms.

Jackson's indictment.

>    *3.  Mr. Powell did not consent to the October 26 trial date.*

*Finally*, Mr. Powell asserts that his silence after selection of the October 26 date "is

not express consent. The law does not require defense counsel to affirmatively object to a

19

post-*Hicks* trial date." The transcript reveals that the prosecutor proposed the October 26th trial date and that Mr. Henry's counsel accepted it expressly. Both Mr. Powell and his counsel acquiesced to the trial date silently and the hearing concluded.

At oral argument, the State took the position that we can look to a defendant's conduct and circumstances to find express consent and that by accepting the October 26 date silently, Mr. Powell made himself a party to the *Hicks* violation. And there are several aspects of Mr. Powell's case that, read together, could imply his consent to the October 26 trial date. He was present at the status conference, rejected proposed trial dates that fell before the *Hicks* deadline, and acquiesced silently when the court set the October 26 date. What's more, he consented formally to consolidate his trial to Mr. Henry's and Ms. Jackson's by motion filed August 4, 2021 (with no mention of the trial date in that filing). He was present with counsel for trial on October 26, and it appears that he had no problem with the trial date until the court asked the parties for the *Hicks* date after the State requested a postponement. His attorney even stated at the hearing on his motion to dismiss, "We agreed to have a trial date set on . . . October 26th of 2021 . . . ."

By all accounts, Mr. Powell consented impliedly to the October 26 trial date and was complicit in the *Hicks* violation. But implied consent isn't express consent, and in *Goins v. State*, 293 Md. 97, 108 (1982), the Court of Appeals disagreed that "arguabl[e] . . . implied consent" by a defendant can qualify as express consent. In *Goins*,

20

the Court rejected the State's argument that a defendant was responsible for the *Hicks* violation due to his own "'wrongdoing' and 'delay-producing behavior'":

> Being dilatory in raising an insanity defense obviously is not seeking or *expressly* consenting to a trial date in violation of [the *Hicks* rule]. At best, it might arguably constitute an *implied* consent to a postponement of the trial date, depending upon the circumstances. However, in order to avoid such doubts and controversies, *Hicks* carefully limited this exception to the situation where the defendant seeks or *expressly* consents to a trial date in violation of the rule.

*Id.* at 107–08. The Court reemphasized that it is the State's obligation to bring defendants to trial within the mandatory statutory deadline. *Id.* at 110; *see also Dorsey*, 349 Md. 688, 706 ("The defendant has no duty to bring himself to trial; the State has that duty,'" (*quoting Hicks*, 285 Md. at 320)).

*Goins* controls here. "[E]xpress consent" is "[c]onsent that is clearly and unmistakably stated." Express Consent, Black's Law Dictionary (11th ed. 2019). Implied consent, on the other hand, is consent "inferred from one's conduct rather than from one's direct expression." Implied Consent, Black's Law Dictionary (11th ed. 2019). Mr. Powell's "arguabl[e] . . . implied consent" doesn't avoid mandatory application of the *Hicks* sanction. *Goins*, 293 Md. at 108. And his attorney's statement at the motions hearing that "we agreed" to the trial date didn't, and can't, create express consent to a trial date retroactively. The defendant has to consent expressly at the time the trial date is set; his consent can't be read into or implied from a future statement made on a different posture.

We also distinguish cases the State uses to argue Mr. Powell can "seek or expressly consent" to a trial date through his conduct and circumstances. *Dorsey*, 349 Md. at 704,

21

*Pennington*, 308 Md. at 727, and *Farinholt*, 299 Md. at 32, all stand for the rule that defendants may not seek *postponements* in such a way that *necessarily* carries the case beyond the *Hicks* date. But again, there must be an "overt act evidencing an intent to consent to the delay" past the *Hicks* date. *Jules*, 171 Md. App. at 474. And neither Mr. Powell nor his counsel made any "overt act" or statement—they merely acquiesced silently to statements by Mr. Henry's counsel and the court. *Moody v. State*, 209 Md. App. 366, 372–75 (2013), also is distinguishable because in that case the defendant agreed to a postponement, stating directly, "It's acceptable." Later on, Ms. Moody was informed specifically that the postponement would take the case past the *Hicks* deadline, and the court asked the defense to voice any objection. The defendant didn't raise any objection, and this Court found "[t]hey essentially consented to the . . . postponement." *Id.* at 374. Here, there was no such affirmative request to voice an objection to the October 26 trial date, nor any affirmative act by Mr. Powell that could indicate a desire to postpone the case past *Hicks*.

The result here may feel unsatisfying, and indeed to contradict the usual anti-sandbagging principles that normally require parties to raise errors under penalty of waiver. Mr. Powell and his counsel acquiesced silently to the trial date in this case—a date that misses the *Hicks* deadline by exactly one day—and his silence ends up serving as the reason that his dismissal is affirmed while his co-defendants, who spoke up during the relevant proceedings, have their dismissals reversed for agreeing expressly to the date. But this is the comparatively rare circumstance where express consent is required to circumvent a mandatory rule, not implied or tacit consent. The State, not the court, bears the burden to

22

bring a criminal defendant to trial within 180 days. If the State can't bring a defendant to trial within 180 days, it must make a record of the defendant's express consent to a date certain (in the case where the State is unsure of the *Hicks* date) or obtain a good cause finding to go beyond *Hicks* (in cases where the State knows *Hicks* will be violated). To find the State's burden met as to Mr. Powell would require us, on this record, to infer consent that he and his counsel never expressed. We affirm the trial court's dismissal of Mr. Powell's indictment.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED IN CASE NO. 1501 AND REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION IN CASES NOS. 1499 AND 1500. COSTS IN CASES NOS. 1499 AND 1500 TO BE PAID BY APPELLEES AND IN CASE NO. 1501 BY ANNE ARUNDEL COUNTY.**